ANNIE E. ADAMS *vs.* CAROLINE F. SWIFT & another.

Bristol.    October 25, 1898. — February 28, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Personal Injuries — Parent and Child — Negligence — Action — Law and
Fact — Evidence — Question for Jury.*

A woman and her daughter were invited to join a party upon an excursion, and
the former accepted the invitation on condition that she might pay one half the
cost of the carriage, and made such payment. The party, consisting of four
persons, occupied a two-seated carriage drawn by two spirited horses. The
daughter, who was nineteen years old and of slight build, and had had very
little experience in driving, was allowed to drive the horses. In returning from
the excursion the carriage formed part of a long procession of carriages, and
upon reaching a level stretch after coming down an incline in the road, the pole
of the carriage entered the back of a carriage in front of it and injured a person
therein. A by-stander, who knew the mother and daughter, called out to them,
" What are you trying to do ? " The daughter replied, " Well, I can't hold
them," and the mother said, " She's all right." Subsequently the mother tried
to conceal from the injured person the identity of the occupants of the carriage.
*Held*, in an action against the mother and daughter for the injury, that the
question of the mother's liability was rightly submitted to the jury; and that
the evidence of the admissions was also for the jury.

TORT, against Caroline F. Swift and Helen L. Swift, for per-
sonal injuries occasioned to the plaintiff by a collision between the
carriages in which the respective parties were riding on August
15, 1894, upon a road leading from New London to Sunapee in
New Hampshire. Trial in the Superior Court, before *Richard-
son*, J., who allowed a bill of exceptions, in substance as follows.

There was evidence tending to show that the defendant,
Helen L. Swift, a minor nineteen years of age, was stopping
with her mother, the other defendant, at a hotel in Sunapee,
and her father was then at his home in New Bedford; that the
defendants and one Mrs. Page were invited by one Borden to
drive with him from Sunapee to New London to witness a coach-
ing parade; that Helen L. Swift accepted the invitation uncon-
ditionally, and Caroline F. Swift accepted it upon condition that
she should be permitted to reimburse Borden for one half the cost
of the carriage, which sum she paid; that Helen L. Swift drove
the team from Sunapee up to and at the time of the collision;

that upon the return from New London to Sunapee, the plaintiff was driving in a buggy with her husband directly in front of the carriage occupied by the defendants, which latter was a two-seated surrey drawn by two spirited horses; that Borden and Helen L. Swift were upon the front seat and Caroline F. Swift and Mrs. Page were upon the back seat; that the carriages of the plaintiff and the defendants formed part of a procession on the road of seventy-five or one hundred carriages returning home, being in line close together, except that the actual distance between the defendants' carriage and that next in the rear did not appear, and they maintained their relative positions substantially in the line until the accident; that just prior to the accident the attention of the plaintiff and her husband was drawn to the carriage in which the defendants were driving, at which time it was coming down the end of an incline in the road to a level stretch upon which the plaintiff's buggy had just entered; that all the carriages came down the incline upon a slow trot, and just as the plaintiff's buggy entered upon the level the end of the pole of the carriage in which the defendants were driving — which at the time the attention of the plaintiff was drawn to it was not more than eight feet distant from the back of the plaintiff's buggy — came in contact with the back of the plaintiff's buggy and made a dent in the leather, which was followed by a second collision, the pole of the carriage in which the defendants were driving coming in contact with the plaintiff's back, and causing the injury complained of.

The defendants contended that there was but one collision, the first above named, occasioned by the sudden and unwarranted slowing down of the plaintiff's buggy, which under the circumstances was a want of due care, and was a contributing cause of the injury; the plaintiff contending that there was no material slowing down of the speed of the plaintiff's buggy, and that the injury complained of was due to the carelessness of the driver of the defendants' carriage.

Helen L. Swift testified that at the time of the accident she weighed 108 pounds; and that she had driven a one horse team before, and thought she had driven a pair of horses, but had never driven on New Hampshire roads before; and both she and Borden testified that Caroline F. Swift had nothing to say

about who should drive, and exercised no control of the excursion nor gave any direction as to the management of the team.

Mrs. Griggs, a witness for the plaintiff, testified that she was seated in her carriage at the side of the road at the time of the accident, and was acquainted with the defendants, and witnessed the collision; that she called out to the occupants of the defendants' carriage, " Well, what are you trying to do ? " and that Helen L. Swift replied, " Well, I can't hold them," and Caroline F. Swift said, " She's all right."

There was evidence tending to show that the plaintiff had endeavored unsuccessfully to find out who were the occupants of the carriage in which the defendants were at the time of the accident, and did not discover until long afterwards; that this was known to the defendant Caroline F. Swift; and that while the plaintiff was endeavoring to ascertain the identity of the parties, Caroline F. Swift asked Mrs. Griggs not to mention it, and said to her, " Let them find out as best as they can." There was no other evidence relating to Caroline F. Swift.

The defendant Caroline F. Swift asked the judge to rule that there was no evidence of any negligence upon her part, or on the part of any person for whose acts or omissions she was legally responsible, and that the verdict on the evidence must be for her.

The judge refused to rule as requested, against the defendants' exception, and ruled as follows:

" Now then in regard to the responsibility of the mother. If they were going on that excursion or that ride that afternoon by the procurement of the mother, if she was interested in it, if she paid part of the expenses, if she was interested in it as one of the party, and she allowed the daughter to drive, if it was her excursion in part, and she allowed her daughter, who was then under age, to drive as the driver of the team which she was in, and in which she was interested, and to that extent possibly acting as her servant, or as her agent for that purpose there and then, if that were the state of things, then I imagine that the mother would be liable, if in other respects she is liable; that is, if she contributed to the hiring of the carriage, and allowed or let the daughter drive for her in such case, so that the driving was a driving for her as well as others, and the carriage was driven without due care by the daughter, then I think the

mother would be responsible in that situation of things. If nothing had appeared in the case at all, as has been stated to you, except that Mr. Borden had hired the carriage, and the mother had not contributed, she was not interested in the excursion or in the carriage, did not hire them or did nothing about them, and accepted an invitation to ride solely, and had been driven by anybody else except the daughter, she would not be liable. . . . But the team was driven by the daughter, and the mother was present, and it may be you would find that the driving was countenanced or allowed by the mother; and if with that the mother was interested in it, and paid for the team and hired the team in part, why then I think that the mother would be liable under those circumstances, if, I mean, she is liable in other respects, that is, if there was negligence on the part of the daughter."

The jury returned a general verdict for the plaintiff; and the defendant Caroline F. Swift alleged exceptions.

*W. Clifford*, for Caroline F. Swift, submitted the case on a brief.

*L. LeB. Holmes*, for the plaintiff.

BARKER, J. The evidence justified a finding that the excursion was a joint undertaking, of which Caroline F. Swift, the mother of the young woman who was driving when the accident happened, was an equal promoter and manager, and not a mere guest; and that under her control and direction her daughter, so inexperienced a whip that it might be negligence to allow her to drive upon such an occasion, was driving, and driving carelessly. Therefore the case was for the jury.

The evidence of admissions was for the jury, and the rulings were right.

*Exceptions overruled.*