## JAMES B. BARRY vs. JESSIE W. HARDING.

Essex. March 9, 1923. — April 26, 1923.

Present: RUGG, C.J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Negligence*, Motor vehicle, Contributory negligence, Imputed.   *Proximate Cause.*

Upon the evidence at the trial of an action against the owner of a motor vehicle for personal injuries received in a collision at the crossing of two streets with another motor vehicle which had been left in a garage by its owner and in which the plaintiff was riding by invitation of the driver who was employed as foreman of the garage and who was operating the vehicle on the highway to locate body rattles, findings were warranted that the plaintiff was in the exercise of due care and that the defendant was negligent, and the trial judge properly refused to order a verdict for the defendant.

Although, at the above described trial, there was no evidence of the terms of the bailment by the owner of the motor vehicle in which the plaintiff was riding to the proprietor of the garage nor of instructions by such proprietor to his foreman as to the use of the car while it was being tested and repaired for body rattles, it was *held*, that, assuming that the driver was without authority to drive the vehicle while the plaintiff was a guest of his but not of the owner, that fact and the act of driving the vehicle with the trespassing guest in it at most would have been a condition and not a cause which contributed to the collision and accident and the plaintiff was not debarred thereby from recovering.

At the trial of the above described action it appeared that at the time of the collision the plaintiff was riding to meet a street car, which he was to operate, by invitation of the driver of the motor vehicle. There was no evidence warranting a finding that the plaintiff had an equal right with the driver of the vehicle in which he was riding in respect to its control nor that the plaintiff had power to control the means nor an equal right to direct the conduct of the undertaking nor did the evidence show a community of interest in the object and purpose to be subserved by the giving and acceptance of the invitation to carry the plaintiff to the place where he might take control of the street car. *Held*, that the plaintiff and the driver of the motor vehicle in which he . was riding were not engaged in a joint enterprise causing negligence of the driver to be imputed to the plaintiff.

At the trial of the above described action, there was no error in the following charge by the judge to the jury: "If there was no negligence on the part of the plaintiff which contributed to the injury, then there is nothing in his conduct to prevent him from recovering. Furthermore, in that event, in the event of there being no contributory negligence on the part of the plaintiff found, — in that event, it is immaterial whether . . . [the foreman] driving the . . . [motor vehicle] was negligent or not. . . . [The foreman's] conduct becomes important only if you find there was a want of due care on the part of the plaintiff in looking out for himself, but if there was no negligence on the part of the plaintiff in

looking out for himself, then it is immaterial, in that event, whether . . . [the foreman] was negligent or not."

TORT against the owner of a motor vehicle for injuries received in a collision with another motor vehicle in which the plaintiff was riding by invitation of one not its owner. Writ dated August 12, 1920.

In the Superior Court, the action was tried before *Lummus,* J. Material evidence is described in the opinion.

At the close of the evidence, the defendant moved that a verdict be ordered for her. The motion was denied.

The defendant made the following requests for rulings:

"1. If Barry knew that the car did not belong to Chandler and knew or should have known that Chandler was not authorized to invite him to ride, then he did not become a guest, but was a party to Chandler's unauthorized act.

"2. If Barry knew that the car did not belong to Chandler and knew or should have known that Chandler was not authorized to invite him to ride in the car then Barry and Chandler were engaged in a joint enterprise which they had no right to engage in.

"3. If Barry was not the lawfully invited guest of any one while riding in the Essex car then he is a party to any negligence of the driver of the car which contributed to his injury.

"4. If Barry was not the lawfully invited guest of any one while riding in the Essex car then he was not entitled to leave to the driver the proper operation of the car and if negligent operation of the car contributed to cause his injury Barry cannot recover.

"5. If Barry and Chandler were engaged in a joint enterprise which they had no right to engage in then Barry cannot recover if Chandler's negligence contributed to his injury.

"6. If the plaintiff was not being carried in the Essex car at the time he was injured by reason of any invitation of any one who was authorized to extend such an invitation then he was a trespasser and not an invited guest."

"8. If the defendant's car was within the plain field of vision of the plaintiff for a sufficient period of time to have enabled Chandler to stop his automobile if the plaintiff had spoken of the danger then the plaintiff was guilty of contributory negligence.

"9. One who voluntarily continues to ride as a guest in a car

that is being operated at from forty to sixty miles an hour on a public highway is not using due care."

"13. If Barry by the exercise of ordinary care under the circumstances could have prevented his injury then he cannot recover even if the driver of the Essex car was in the exercise of due care.

"14. If Barry was not using due care under the circumstances and his lack of due care contributed to his injury then he cannot recover even if the driver of the Essex car was in the exercise of due care."

The judge refused to rule as requested. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*H. Williams, Jr.,* (*C. E. Fay* with him,) for the defendant.

*J. J. Ronan,* for the plaintiff.

PIERCE, J. This is an action of tort to recover damages for personal injuries received by the plaintiff, when an automobile in which he was riding was in collision with an automobile operated by the defendant. At the close of all the evidence the defendant moved that a verdict be ordered for her and duly excepted to the refusal of the court to do so.

It appeared by the evidence introduced by the plaintiff, and the jury were warranted in finding, that at about nine o'clock in the morning of August 12, 1919, Louis Chandler, foreman of the repair department of the Goodell Garage in Salem, and one Saffer, an employee of that garage, took out an Essex car belonging to one Tierney to locate rattles and noises in the car; that they saw the plaintiff in front of the Marblehead car barn and invited him to ride to meet a street car which the plaintiff was to operate on its return trip from Marblehead to Salem; that Chandler and the plaintiff had known each other for some time; that the plaintiff knew that Chandler was an employee at the Goodell Garage; that the plaintiff had upon former occasions ridden in other automobiles operated by Chandler; that the plaintiff thereupon got into the rear seat of the automobile and Chandler then drove easterly along Pleasant Street toward Marblehead, at the rate of twenty or twenty-five miles an hour; that as the car proceeded down Pleasant Street toward Marblehead and reached a part of the road known as "the stretch" it ran at a speed of thirty-five miles an hour; that the plaintiff

did not know what made Chandler change his speed; that he did not say anything about it until just before they got to the junction, when he said to Chandler, "Don't put us over the stone wall, Mister.  You had better slow down a little bit;" that as Chandler got to the junction, he slowed down to about one half his speed — to twenty miles an hour; that the junction is five or six hundred feet from Smith Street, and in approaching Smith Street there is a slight down grade; that there is a little up grade from Smith Street to Pleasant Street and that there is no grade at the junction of the two streets.

It could be found that Smith Street enters Pleasant Street on the south side but does not cross it; that opposite the junction of Smith and Pleasant streets, and on the northerly side of Pleasant Street is an unused roadway entering Pleasant Street from the north, in the middle of which and protruding slightly into Pleasant Street is a large tree; that a single line of street railway tracks is on the southerly side of Pleasant Street.  It further appeared from the testimony of the plaintiff and his witnesses, and could be found, that the plaintiff and those in the car with him first saw the car of the defendant when they were one hundred feet from the corner of Smith Street; that the car of the defendant was then on Smith Street one hundred and fifty feet from Pleasant Street, and coming toward Pleasant Street at the rate of twenty to thirty-five miles an hour; that it then appeared to "slack up;" that the driver of the plaintiff took this action as a signal for him to go by and proceeded right along; that when the defendant got within twenty feet of Pleasant Street the car "surged ahead," gave an "awful start;" that at the time the automobile in which the plaintiff was riding was a little to the right in the middle of Pleasant Street, opposite Smith Street, just ready to go across; that the defendant's car struck the car in which the plaintiff was riding about five inches forward of the right rear wheel; that the impact caused the car to leave the ground and threw it up against the tree.

The evidence of the witness for the defendant warranted a finding that the defendant did not drive her car into Pleasant Street with an "awful start" and surge; that she did not run into the car in which the plaintiff was riding; that the driver of the last named car drove at an excessive rate of speed, in an

attempt to pass in front of the defendant's car, in a space where there was not room enough between the defendant's car and the tree for the automobile to pass without hitting the car of the defendant. Upon the foregoing facts it is plain there was evidence of the defendant's negligence and of the plaintiff's due care to submit to the jury.

By the requests for rulings numbered 1, 2, 3, 4, 5 and 6 the defendant contends that the plaintiff cannot recover if the driver of the car was negligent, because he could not lawfully invite the plaintiff to ride with him, and any one riding with him was not a guest but a trespasser. There is a difficulty of fact against this contention in that there is no evidence of the terms of the bailment of the owner of the car or of instructions by the Goodell Garage to its foreman, Chandler, as to the use of the car while it was being tested and repaired for body rattles. *Norris* v. *Litchfield*, 35 N. H. 271. Assuming the driver was without authority to drive the car while the plaintiff was a guest of his but not of the owner of the car, that fact and the act of driving the car with the trespassing guest in it was at most a condition and a circumstance, and not a cause which contributed to the collision and accident. *Norris* v. *Litchfield, supra. Sughrue* v. *Booth,.* 231 Mass. 538. See *Newcomb* v. *Boston Protective Department,.* 146 Mass. 596; *Moran* v. *Dickinson*, 204 Mass. 559; *Bourne* v.. *Whitman*, 209 Mass. 155, 167–170.

The defendant further contends in argument and in her requests for rulings numbered 2 and 5 that the negligence of the driver, if found, was imputable to the plaintiff because they were engaged in a joint enterprise, in that the plaintiff accepted and became party to the wrongful act of Chandler in extending his invitation to the plaintiff to ride in the car upon the plaintiff's business, and cites *Adams* v. *Swift*, 172 Mass. 521, *Beaucage;* v. *Mercer*, 206 Mass. 492. We do not think the acceptance of an. invitation to ride in the circumstances disclosed by the evidence constitutes an engagement in a joint enterprise, even if the person. accepting has reason to know that the person inviting is acting in- so doing without the scope of his authority; because there is lack-- ing in the facts the essential elements which constitute in the law of negligence a joint enterprise: that is, the evidence does not warrant a finding that the plaintiff had an equal right with the driver

in respect of the control of the automobile; that it does not warrant a finding that he had power to control the means, or an equal right to direct the conduct of the undertaking; nor does. it show a community of interest in the object and purpose to be subserved by the giving and acceptance of the invitation to carry the plaintiff to the place where he might take control of the street car. *Eline* v. *Western Maryland Railway*, 262 Penn.. St. 33. *Cunningham* v. *City of Thief River Falls*, 84 Minn. 21, 27.. Persons walking together are not identified as joint undertakers.. *Barnes* v. *Marcus*, 96 Iowa, 675. The fact that persons ride together in the relation of host and guest is not sufficient. *Withey* v.. *Fowler Co.* 164 Iowa, 377. The common purpose of riding together for pleasure does not alone establish a joint enterprise. *Lawrence* v. *Sioux City*, 172 Iowa, 320. The remaining requests for rulings. deal with the question of the plaintiff's due care. This subject was fully and accurately dealt with in the charge. We perceive no error in the refusal of the judge to instruct in the terms of the request. In the circumstances the judge rightly charged the jury as follows: "If there was no negligence on the part of Barry which contributed to the injury, then there is nothing in his conduct to prevent him from recovering. Furthermore, in that. event, in the event of there being no contributory negligence on the part of the plaintiff found — in that event, it is immaterial whether Chandler, driving the automobile, was negligent or not. Chandler's conduct becomes important only if you find there was a want of due care on the part of Barry in looking out for himself, but if there was no negligence on the part of Barry in looking out for himself, then it is immaterial, in that event, whether Chandler was negligent or not." It follows that the defendant's motion for a directed verdict was rightly denied, and that the court did not err in refusing to give the defendant's. requests other than as given in the charge.

*Exceptions overruled.*