Robertson v. Jewel Tea Co., Inc., Appellant.

Argued October 10, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*John E. McCalmont,* for appellant.—Plaintiff did not discharge his duty of reasonable care by a hasty glance followed by blind assumption that he would cross in safety.

The mere fact that an automobile runs into a pedestrian raises no presumption of negligence: Rhoads v. Herbert, 298 Pa. 522.

*J. Thomas Hoffman,* with him *Joseph A. Burns,* for appellee.—Plaintiff crossed as the ordinarily prudent

person would have done: Newman v. Motor Service Co., 298 Pa. 509; Wack v. Transit Co., 93 Pa. Superior Ct. 206.

The short vision of defendant did not warrant him in traveling at the speed established.

OPINION BY MR. JUSTICE LINN, November 28, 1932:

Appellant makes two complaints (1) that its motion for judgment, based on contributory negligence, and lack of defendant's negligence, should have been granted; and (2) that the verdict was excessive.

1. Plaintiff was run down by defendant's truck on a rainy November evening while crossing Market Street, the principal business street in the City of Steubenville, Ohio. The driver testified that it was a "very bad night;" he could see but 30 feet ahead of him; he did not see plaintiff, or even know what he struck until after he stopped and returned to where plaintiff and others then were. He was driving eastward, approaching the intersection of McDowell Street at a point where street cars turn from that street eastward into Market Street and then immediately stop at a regular stopping point. The driver saw the car enter Market Street and knew that it stopped there. Whether such driving was negligent, in the circumstances, was for the jury. Plaintiff said he first saw the truck 200 feet away and, when he was "not quite to the center of the street," saw that it was about "half a block [perhaps 100 feet] away," and that he then thought he had sufficient time to complete the crossing if defendant approached the intersecting street and car-stop at reasonable speed, as he thought defendant was doing. In such circumstance his conduct was also for the jury: Cronmuller v. Evening Telegraph Co., 232 Pa. 14, 81 A. 58.

2. The second point is not open here; it was withdrawn with the motion for a new trial in the court below, which counsel stated he would not press. If review of the amount of a verdict is desired, the subject should be

presented below so that, when considered in this court, it may be done in the light of the trial court's opinion of the action of the jury; compare King v. Equitable Gas Co., 307 Pa. 287, 295 et seq., 161 A. 65.

Judgment affirmed.