### BEER v BEER

Ohio Appeals, 4th Dist, Highland Co

Decided Sept 19, 1935

54

**OPINION**

By LEMERT, J.

As to the first alleged ground of error we have to say that this motion was predicated upon the theory that plaintiff was a guest passenger in defendant's automobile, that if she wished to recover she must recover under the so-called Guest Statute of Ohio as set forth in §6308-6, GC, which reads as follows:

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to, or death of, a guest while being transported without payment therefor in or upon said motor vehicle resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

In order to recover in this sort of action it is necessary for plaintiff to plead and prove wilful or wanton misconduct on the part of defendant. There is no dispute in the record about the theory upon which this

action was brought. This brings us to the all important question in this case, which is—does the buying of gasoline and oil by a passenger in an automobile remove him from the guest statute so that he may be entitled to recover? We note that the plaintiff in error admits in its answer, and also in its brief in this case, that the plaintiff and defendant (brother and sister) had a common object and purpose in driving to Columbus at the time the accident occurred, the arrangement being that the brother and sister were to pay for the expenses of the trip, the father being ill in a hospital in Columbus, and these children had a common object or purpose.

There is no dispute between the plaintiff and defendant as to the arrangement made between the children to visit their father at Columbus so that we are of the opinion that under this arrangement the guest law cited and claimed by plaintiff in error is not applicable to this kind of a case. The fact that a passenger pays some portion of the expenses without having a common purpose or object is entirely different from the present case. We are of the opinion that a guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and who takes a ride either for his own pleasure or on his own business without making any return to, or conferring any benefit upon, the driver of the car other than the mere pleasure of his company; or, in other words that a guest, within the meaning respecting motorists' liability, is one who accepts a driver's hospitality and takes a ride for his pleasure or business without making any return or conferring any benefit upon the driver, so that it necessarily follows that the motion to direct a verdict for the defendant was properly overruled.

On the second claimed ground of error, to-wit: the rejection of certain evidence offered by the defendant, we note on page 52 of the record he asks this question— "What arrangements did you have with your sister relative to taking her to Columbus?" The court sustained the objection to this question. The plaintiff in error having admitted in his answer the arrangement made with plaintiff and defendant in error as to the trip to Columbus and how the same should be paid for and the one object to be attained and the fact that they were proceeding under a joint arrangement, certainly could not expect to contradict these admissions. Plaintiff in error having admitted that there was an arrangement to pay for expense of the trip claimed the right to examine witnesses as

to what this arrangement was. It is well settled under the laws of Ohio that a party can not admit in his pleading certain statements of the petition and then later on in the trial of the case offer evidence to contradict or explain the statements. Trepanier v T. & O. C. R. R. Co., 102 Oh St, 79 and 80, 26 Oh Ap, 419.

On the third claimed ground of error in overruling defendant's motion to withdraw a juror and declare the cause a mistrial, we observe from the record that in the court below the plaintiff below asked Wilbur Beer a certain question, to-wit: "Q. When did you first know a claim was being made against you?" "A. When I received a summons." The court then asked the question —"Q. When was the first you had any knowledge that your sister was making any claim against you for damages?" "A. Mr. Dunham, the adjuster for the insurance company, came out." There was an objection to this question. The court then said to the jury. "Members of the jury: You will disregard anything said about an insurance company. In the qualification of the jury some inquiry was made as to whether or not they were in the insurance business, any juror who permits himself or herself to be influenced in the slightest degree as to whether or not there is insurance in this case is unfit for jury service, this is not an action between an insurance company, if there be one, and if this jury should return a verdict for an amount simply because there was an insurance company and if it should turn out that there was no insurance company or no liability the jury can see that might punish the defendant when he was not guilty of negligence; however, if he was guilty of negligence and his negligence was a contributing proximate cause of an accident, the plaintiff is entitled to recover, so exclude anything said with reference to insurance from your minds and listen to the evidence." So that we observe that the defendant below asked the witness a question which he no doubt answered truthfully and which he could have answered in no other way. The plaintiff below had nothing to do with the examining of this witness. It was done by the defendant, for the defendant, over the plaintiff's objection, and by the court. There is nothing in the record showing any hostility of this witness, and we can readily see that there was no proper way to answer this question except to tell the truth. With this state of the record confronting us we find no error therein. It might further be stated that a reviewing court has no right to draw an inference to the effect that error has

intervened justifying a reversal, but the record must first affirmatively show that the rights of the complaining party have been prejudiced.

On the fourth and last claimed ground of error, to-wit: the court's charge to the jury, we find from an examination of the record that under the pleading and evidence submitted that the court properly charged the law of the case and there is no error therein.

It therefore follows that the finding and judgment of the court below will be, and the same is hereby affirmed.

Exceptions may be noted.

MONTGOMERY and SHERICK, JJ, concur.