## Kerstetter, Appellant, *v.* Elfman.

Argued May 24, 1937. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Guy G. deFuria,* with him *Joseph W. deFuria,* for appellants.

*Paul Lane Ives,* with him *J. Borton Weeks,* for appellee.

OPINION BY MR. JUSTICE STERN, June 25, 1937:

At about 2:30 a. m. on Sunday, August 25, 1935, a party of ten young men left Chester to go to Lewes, Delaware, on a fishing trip. They journeyed in three automobiles, five of them, including plaintiffs, being in defendant's car. At a point on the Dupont Highway in Delaware between St. Georges and McDonough, an accident occurred in which plaintiffs were injured, and they brought these suits against defendant, alleging it was his fault that caused the accident. The learned trial judge instructed the jury there could be no recovery unless defendant had committed an act of an intentional, wilful or wanton nature. The jury rendered verdicts for defendant; they also made special findings to the effect that the accident had not been intentional on the part of defendant nor caused by his wilful or wanton disregard of plaintiffs' rights. The court below overruled motions for new trials; plaintiffs appeal on the ground that they should have been allowed recovery even though not able to prove more than ordinary negligence on the part of defendant. This question results from the Delaware Automobile Guest statute, it being admitted by both parties that defendant's responsibility must be determined by the lex loci delicti: *Mike v. Lian,* 322 Pa. 353. The statute has been held constitutional: *Hazzard v. Alexander,* 36 Del. 212, 173 Atl. 517; *Gallegher v. Davis,* 183 Atl. 620,[1] but there are no decisions in Delaware construing it, and in the absence of such in-

---

[1] A previous statute (36 Delaware Laws c. 270) which relieved automobile operators and owners from *all* liability for injuries to passengers riding free of charge was declared unconstitutional in *Coleman v. Rhodes,* 35 Del. 120, 159 Atl. 649.

terpretation that duty devolves upon our own courts: *Mike v. Lian,* supra.

There are now twenty-six states in which automobile guest statutes are in force.[2]  The Delaware act (May 22, 1933, 38 Delaware Laws c. 26) provides: "Section 1. No person transported by the owner or operator of a motor vehicle *as his guest without payment for such transportation* shall have a cause of action for damages against such owner or operator for injury, death or loss, in case of accident, unless such accident shall have been intentional on the part of such owner or operator or caused by his wilful or wanton disregard of the rights of others."  The question involved in the present case is whether plaintiffs came within the terms of this act; it arises from the fact that before the trip started the members of the party agreed among themselves that all the expenses, including the cost of gasoline and oil for the automobiles, were to be divided equally, plaintiff Stanley Dean Kerstetter to act as temporary paymaster and be subsequently reimbursed by the others paying their respective shares.  Defendant called attention to the fact that he already had the tank full of gasoline, and it was arranged that an allowance should be made to him accordingly on final accounting.  It may be mentioned incidentally that plaintiffs were not friends, nor even acquaintances, of defendant; they had never met him before starting on this trip and indeed knew only one other of the members of the party.

It will be noted that in order for the act to apply so as to protect the owner or operator of the car from liability for merely ordinary negligence two circumstances must exist:  (1) The injured rider must be a "guest" of the owner or operator; and (2) the latter must not

---

[2] In the absence of statutes in Massachusetts and Georgia, the courts of those states have evolved substantially the same rule by judicial decision.  A statute was enacted in Kentucky but declared unconstitutional: *Ludwig v. Johnson,* 243 Ky. 534, 49 S. W. (2d) 347.

receive "payment" for the transportation. The statute thus recognizes that a guest may be a person who is not entertained gratuitously but who pays for the service rendered to him. A common illustration of a paying guest is the "guest" of a hotel. In the present case plaintiffs undoubtedly were *guests* of defendant in the sense that he was transporting them in his automobile. The question remains, however, was he *without payment* for their transportation, or, to state it differently, did their contribution toward the expenses of oil and gasoline constitute a payment to defendant—not necessarily a *full* or a *reasonable* payment, but *any* payment?

This question would seem almost to answer itself. Had plaintiffs not made their agreement to share the expenses, defendant himself would have been obliged to pay for all the gasoline and oil consumed, and since the presence of plaintiffs in the automobile did not add in any way to the cost of operation of the car, the money furnished by plaintiffs was a clear contribution, a net saving, to defendant, reducing the amount which he would have been required to expend had he been transporting plaintiffs gratuitously. Suppose, for example, that the expenses had been calculated in advance and plaintiffs had actually paid their proportionate share to defendant before starting on the trip, stating that they were giving him the money in consideration of his transporting them to Lewes. It would seem clear that defendant would be receiving a "payment" for their transportation. And yet the facts thus assumed are substantially in legal identity with those in the present case.

In considering the cases in other jurisdictions having automobile guest statutes, it is important to bear in mind the variations in the phraseology of the acts. In California the statute covers a person "who as a guest accepts a ride in any vehicle upon a highway without giving compensation for such ride." It has been decided in that state that "compensation" is not limited to the actual handing over of a definite, material payment,

but may consist of any benefit conferred upon the owner or operator by the rider's presence in the car, as, for example, where a prospective purchaser of an automobile is given a ride in order to demonstrate to him the good qualities of the car: *Crawford v. Foster,* 110 Cal. App. 81, 293 Pac. 841.[3] On the other hand it is held there that no profit or beneficial advantage accrues to the owner or operator in the sharing of expenses, and therefore such an arrangement does not give him "compensation" for the ride: *Rogers v. Vreeland,* 16 Cal. App. (2d) 364, 60 Pac. (2d) 585; *Walker v. Adamson,* 70 Pac. (2d) 914;[4] *McCann v. Hoffman,* 70 Pac. (2d) 909. These decisions may perhaps be justified by the etymology and exact meaning of the word "compensation," which connotes equivalency, that is to say, a payment which *adequately* remunerates, makes amends for a wrong done, or pays for a service rendered.

A distinction must also be carefully made between cases involving an enforceable agreement to share the expenses of an automobile trip and those in which there is merely a voluntary payment of expenses, or part of them, by a rider, not in liquidation of a contractual liability assumed by him, but to return the favors of a host as a matter of social amenity and companionship, as, for

---

[3] There are many subsequent cases illustrating and applying the doctrine of the conferring of a benefit: see, for example, *Sumner v. Edmonds,* 130 Cal. App. 770, 21 Pac. (2d) 159; *Woodman v. Hemet Union High School Dist.,* 136 Cal. App. 544, 29 Pac. (2d) 257; *Haney v. Takakura,* 2 Cal. App. (2d) 1, 37 Pac. (2d) 170; *Haas v. Bates,* 150 Ore. 592, 47 Pac. (2d) 243; *Piercy v. Zeiss,* 8 Cal. App. (2d) 595, 47 Pac. (2d) 818; *Parrett v. Carothers,* 11 Cal. App. (2d) 222, 53 Pac. (2d) 1023; *Jensen v. Hansen,* 12 Cal. App. (2d) 678, 55 Pac. (2d) 1201; *Jenkins v. National Paint & Varnish Co.,* 61 Pac. (2d) (Cal.) 780.

[4] In this case plaintiff and defendant were business associates on a business trip, and the court pointed out that the former would have been required to pay half the expenses even if defendant had made it alone.

illustration, by paying for a meal, buying gas, or help-
ing to provide food or cigars. The authorities holding
that the sharing of expenses by those in an automobile
does not take them out of the class of gratuitous guests
and deprive the owner and operator of the car of the
protection afforded by the statute, will be found on anal-
ysis to be cases where there was no pre-existing agree-
ment between the parties: *Morgan v. Tourangeau*, 259
Mich. 598, 244 N. W. 173; *Ernest v. Bellville*, 53 Ohio
App. 110, 4 N. E. (2d) 286; *Master v. Horowitz*, 261
N. Y. S. 722, affirmed 262 N. Y. 609, 188 N. E. 86; see
also *Sleeper v. Massachusetts Bonding & Ins. Co.*, 283
Mass. 511, 186 N. E. 778, explaining *Askowith v. Mas-
sell*, 260 Mass. 202, 156 N. E. 875. On the other hand,
where there is such an understanding or contract,
whether express or reasonably to be inferred, the au-
thorities are to the effect that a rider is thereby removed
from the class of non-paying guests: *Beer v. Beer*, 52
Ohio App. 276, 3 N. E. (2d) 702; *Campbell v. Campbell*,
104 Vt. 468, 162 Atl. 379; *Derrick v. Salt Lake & Ogden
Ry. Co.*, 50 Utah 573, 168 Pac. 335; *Jensen v. Chicago,
Milwaukee & St. Paul Ry. Co.*, 133 Wash. 208, 233 Pac.
635; *O'Brien v. Woldson*, 149 Wash. 192, 270 Pac. 304;
*Alexiou v. Nockas*, 171 Wash. 369, 17 Pac. (2d) 911;
*Potter v. Juarez*, 66 Pac. (2d) (Wash.) 290. See also
*Frisorger v. Shepse*, 251 Mich. 121, 230 N. W. 926;
*Lloyd v. Mowery*, 158 Wash. 341, 290 Pac. 710. The
cases under the Connecticut statute, which is identical
with that of Delaware, hold generally that the act does
not apply to persons transported for the mutual benefit
of the passenger and the operator or owner, and that, in
determining whether such a mutual benefit exists, con-
sideration must be given to any contractual relationship
between the parties.[5] The statutes in the various states

[5] *Kruy v. Smith*, 108 Conn. 628, 144 Atl. 304; *Russell v. Parlee*,
115 Conn. 687, 163 Atl. 404; *Sigel v. Gordon*, 117 Conn. 271, 167
Atl. 719; *Chaplowe v. Powsner*, 119 Conn. 188, 175 Atl. 470;
*Szabados v. Chatlos*, 119 Conn. 537, 177 Atl. 719; *Bree v. Lamb*,

and many of the cases construing them are discussed in a current volume by Malcom: "Automobile Guest Law Statutes and Decisions."

Defendant contends that since plaintiffs had no voice in the control or management of his car the parties were not engaged in a "joint enterprise." This may be conceded. It does not necessarily follow, however, that plaintiffs were gratuitous guests. They may still have been, and in our opinion were, guests who made some payment for their transportation within the meaning of the Delaware statute. The learned court below erred in instructing the jury that plaintiffs came within the terms of the act and could recover only if defendant were guilty of an intentional, wilful, or wanton act.

The judgments are reversed and new trials awarded.

Mr. Justice SCHAFFER dissents.

120 Conn. 1, 178 Atl. 919; *Audia v. DeAngelis,* 121 Conn. 336, 185 Atl. 78.

So also under the Iowa Statute: *Knutson v. Lurie,* 217 Iowa 192, 251 N. W. 147; *Clendenning v. Simerman,* 220 Iowa 739, 263 N. W. 248.