Matthias, J.
 

 The principal question presented by the record in this ease is whether the terms of the insurance policy in question cover an injury sustained by one while riding in the automobile specified, under an arrangement previously made with the assured whereby the owner was to provide and drive the automobile and his two sisters were to pay the expense of the car upon trips made for their mutual benefit. It must be conceded that under the terms of this policy the use of the automobile for carrying passengers for a consideration is excluded from coverage and that
 
 *275
 
 there is no liability of the company if, under the facts disclosed by the record, the automobile was at the time in question being used in carrying passengers for a consideration.
 

 We are in accord with the proposition advanced by counsel for the casualty company that one may be a ■passenger for a consideration in a conveyance other than one operated by a common carrier. The argument that this phrase “passengers for a consideration” has reference only to persons transported by common carriers has little support in reason or authority. On the contrary, it is quite well settled that one may be a passenger for a consideration in an automobile which is ordinarily operated as a private conveyance.
 

 In our opinion, no theory of estoppel is applicable in this case, either against the plaintiff or the defendant casualty company. The record does not support the assertion that the plaintiff prevailed in the original proceeding and secured a judgment upon the theory that she was a passenger for a consideration and consequently is now precluded from recovering in this supplemental proceeding on a,policy which expressly excluded from its terms damages arising while the automobile was being used for carrying passengers for a consideration. In the former proceeding, the fact was clearly established that the plaintiff was not a guest within the meaning of Section 6308-6, General Code, which precludes recovery for “loss or damage arising from injuries to or death of a guest while being transported without payment therefor” unless such injuries or death are caused by the wilful or wanton misconduct of the owner or operator of such automobile. The same facts were before the court in both proceedings.
 

 It was properly concluded that, under the facts presented by the record before us, the plaintiff in this case was not a guest of the owner and driver of the
 
 *276
 
 automobile. It does not follow, however, from that fact that she was necessarily a passenger for a consideration within the meaning and intent of the clause of exclusion in the insurance policy in question. In the recent case of
 
 Dorn, Admr.,
 
 v.
 
 Village of North Olmsted,
 
 133 Ohio St., 375, 14 N. E. (2d), 11, this court defined a guest within the meaning of the statute to be “one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for, his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company.” In that case the injured person was riding in the automobile upon the invitation and request of the driver that the former direct the latter to his destination. Surely it would not be claimed that such person, not being a guest, must be classed as' a passenger for a consideration.
 

 It must be conceded that there is a division of authority in the construction and application of the clause in question. All are in accord upon the proposition that under the terms so employed the protection of the policy does not cover an automobile when used in carrying passengers for a consideration. The apparent divergence arises from the variety of the fact situations presented in the various cases. Counsel for the casualty company draw the line of demarcation between the cases where there is a voluntary contribution of g’asoline, oil or part of the traveling expenses and those cases where there is an agreement or understanding made or entered into in advance of the transportation as to the compensation for the transportation. Upon that theory one would be a passenger for a consideration if he agreed in advance to furnish gasoline for the proposed trip, but would not be a passenger for a consideration if he paid for the gasoline
 
 *277
 
 for the same purpose but made no previous promise or statement about it. It is to be observed that in this case the arrangement was made pursuant to a common purpose of the plaintiff, her sister and her brother, who was the- assured, which purpose was to visit their father who was in a hospital in Columbus. The assured was to furnish and drive the car and the sisters were to pay the expenses of the car in making the trips to Columbus for the purpose stated. In pursuance of that arrangement, several such trips were made.
 

 In the ease of
 
 Sleeper
 
 v.
 
 Massachusetts Bonding & Ins. Co.,
 
 283 Mass., 511, 186 N. E., 778, the court had before it a policy which, in the respect in question, was identical in its terms with the one involved in this case. In that case, the owner of the ear transported two persons under an agreement to take them to their destination and return upon payment of “enough to pay for his gas, oil and meals.” However, in that case the owner of the automobile had no personal pleasure or interest in the journey. The court laid down the general rule that “whenever there is a contract, based on valuable consideration, having as its main purpose the carrying of-passengers, the insurer under the form of policy in this case does not undertake to indemnify the owner or operator against liability for an occurrence during the journey covered by the contract.” The court cited and discussed other cases, including
 
 Askowith
 
 v.
 
 Massell,
 
 260 Mass., 202, 156 N. E., 875, with which it reconciled its decision upon the ground that in the latter case there was a division of expense of operating an automobile among the persons who, with the owner of the automobile, composed a fishing party.
 

 In the case of
 
 Ocean Accident & Guarantee Corp., Ltd.,
 
 v.
 
 Olson,
 
 87 F. (2d), 465, decided January 28, 1937, the United States Circuit Court of Appeals of the Eighth Circuit, in considering a policy in which
 
 *278
 
 one of the terms of exclusion was “carrying persons for a consideration,” reached the conclusion from a review of the various cases dealing with the subject that “The authorities, without dissent so far as we can find, hold that contribution by a person to the expense of a trip by automobile for the joint pleasure of the party, where the parties are friends or are related, is not ‘consideration’ or hire within the meaning of policy provisions such as those now before us. On the other hand, where the parties are strangers and the relation is a business one only, or the contribution is not related to the expense of the trip or exceeds the amount of the expense, the arrangement constitutes a carrying ‘for a consideration’ within the meaning of such policies.” Cases cited in support of this conclusion are as follows:
 
 Indemnity Ins. Co.
 
 v.
 
 Lee,
 
 232 Ky., 556, 24 S.
 
 W.
 
 (2d), 278;
 
 Cartos
 
 v.
 
 Hartford Accident & Indemnity Co.,
 
 160 Va., 505, 169 S. E., 594;
 
 Askowith
 
 v.
 
 Massell, supra; Reed
 
 v.
 
 Bloom
 
 (D. C. Okl.), 15 F. Supp., 600;
 
 Perkins
 
 v.
 
 Gardner,
 
 287 Mass., 114, 191 N. E., 350;
 
 Park
 
 v.
 
 National Casualty Co.,
 
 222 Iowa, 861, 270 N. W., 23, 27;
 
 Gross
 
 v.
 
 Kubel,
 
 315 Pa., 396, 172 A., 649, 95 A. L. R., 146;
 
 Orcutt
 
 v.
 
 Erie Indemnity Co.,
 
 114 Pa. Super., 493, 174 A., 625.
 

 In the
 
 Ocean Accident & Guarantee
 
 case,
 
 supra,
 
 the facts were that the persons constituting the party contributed to a fund covering expense only. Nothing was contemplated for the use of the automobile and no definite sum was agreed to be paid as appeared in
 
 Cartos
 
 v.
 
 Hartford Accident & Indemnity Co., supra,
 
 where again the distinction is made between the furnishing of gasoline or paying a share of the expense and an advance agreement to pay a specified sum of money.
 

 The Supreme Court of Iowa, in the case of
 
 Park
 
 v.
 
 National Casualty Co., supra,
 
 likewise held that the member of an orchestra to whom the members con
 
 *279
 
 tributed traveling expense was not carrying the other members for a consideration within the exclusion provisions of an automobile liability policy. The cases we have previously cited are there quite fully analyzed and discussed and the following conclusion is announced :
 

 “It is apparent that the authorities quite generally concede that money passing from the passenger to the operator of a car, though associated with the carrying of the passenger, may or may not be a consideration for such carrying, within the meaning of a policy provision such as we are considering. In making the distinction the courts take into consideration not alone the bare transaction but all its surrounding circumstances, including among other things the status- and relations of the parties one to another, the existence or lack of common interest, pleasure or benefit in the making of the journey, and the relation of the amount of the money to the actual costs of carrying. ’ ’
 

 To the same effect is
 
 United States Fidelity & Guaranty Co.
 
 v.
 
 Hearn,
 
 233 Ala., 31, 170 So., 59.
 

 In the case of
 
 Smith
 
 v.
 
 Clute,
 
 277 N. Y., 407, 14 N. E. (2d), 455, recently decided by the New York Court of Appeals, which involved a construction of the Montana Guest Statute, some of the cases above cited and others are discussed and analyzed. It is there shown that “Clearly, a person may be without the Category of guest and yet not be within that of a passenger for hire.”
 

 Referring again to the undisputed facts in the case at bar, it is found that it comes within that class of cases where the parties joined in meeting the expenses of a trip made for their mutual interest, pleasure or benefit and where the purpose of the trip on the part of the owner of the automobile is not the carrying of passengers for compensation. This brings us to the conclusion that the Common Pleas Court was in error
 
 *280
 
 in its finding and judgment and that the Court of Appeals likewise committed error in affirming that judgment.
 

 The judgment of the Court of Appeals will he reversed and final judgment entered for appellant in this court.
 

 Judgment reversed.
 

 '
 
 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Gorman, JJ., concur.