## DELK v YOUNG

Ohio Appeals, 2nd Dist, Clark Co

No 421. Decided Jan 9, 1941

Cole & Hodges, Springfield, for plaintiff-appellee.

S. A. Bowman, Springfield, for defendant-appellant.

## OPINION

BY THE COURT:

This matter is before us on an appeal from a judgment rendered in the Common Pleas Court in favor of the plaintiff based upon an automobile accident in which the plaintiff, while being conveyed in the car of the defendant, was injured.

There are certain facts that are not disputed and others concerning which there is divergence of the evidence submitted to the jury.

The petition alleges that the defendant was the owner and operator of a certain automobile; that Route 71, the road upon which the accident occurred, was a main market highway and inter-county highway, running generally in a northwesterly and southeasterly direction in Clark County; that at a point approximately 1½ miles southeast of the village of New Carlisle, said highway was intersected by a culvert and bridge crossing the same; that at the time in question the road was in a deteriorated condition, that the surface thereof at all points approaching the bridge and culvert was choppy as evidenced by chuck holes and a gulley which caused a rise and fall in the level of the highway; that on the 7th

day of May, 1936, plaintiff was riding in the rear seat as an invitee and passenger for hire and benefit to the defendant, not being a guest of defendant; that at said date the defendant was a candidate for nomination for the office of Sheriff and attended a political meeting for his benefit at New Carlisle; that solely at the request of the defendant, plaintiff accompanied defendant at said meeting for the purpose of aiding him in his political activities.

Plaintiff alleges that on said return trip he was riding in the rear seat of said car; that at the same approach to the bridge and culvert plaintiff was thrown against the top of the automobile and against a cross beam, causing the injuries complained of, the same being due to the negligence and careless acts of the defendant in the operation of his automobile at an unlawful rate of speed of at least 60 miles per hour; that the defendant, knowing that the condition of the highway was rough and choppy and unsafe for rapid speed, continued to operate the same at 60 miles per hour without any endeavor to lessen the speed; that as a result of said operation he was thrown against the top of the automobile and injured to his damage in the amount claimed.

The defendant answered admitting certain facts, among them that he did attend a political meeting at New Carlisle and further that on the return trip from the village plaintiff received some injuries.

As his first defense he denies that the plaintiff was riding in the automobile as an invitee and passenger for hire and/or for the benefit of the defendant; denies that the political meeting was for the benefit of the defendant; and denies that plaintiff accompanied the defendant solely at his request and solicitation or for the benefit of defendant. He denies the negligent operation of the automobile and that he was driving at least 60 miles per hour. He denies that, knowing that he was approaching the bridge and culvert and gulley, he continued to operate at such speed.

As a second defense he alleges that defendant was guilty of contributory negligence which directly and proximately caused his injuries in that the plaintiff did not sit in the rear seat in a manner of an ordinarily prudent man but sat on the rear seat leaning over the back of the front seat between two people on the front seat; that the plaintiff did not remonstrate with or object to the defendant concerning the rate of speed at which he was driving.

For a third defense he alleges that if he were guilty of negligence, which he denies, that the plaintiff joined in and assumed whatever risk there may have been due to the manner of the operating of the automobile in that instead of sitting in the customary position in the rear seat he sat on the edge thereof.

For a fourth defense it is alleged that the plaintiff at the time of the accident was his guest, being a passenger in his automobile for his own pleasure and without making any return or conferring any benefit upon the defendant other than the mere pleasure of plaintiff's company.

The cause came on for trial and the jury having rendered a verdict in favor of the plaintiff, a motion was made for judgment notwithstanding the verdict for the reasons recited in said motion. There was also a motion for new trial in which ten separate errors are enumerated, which need not be here detailed.

At the termination of the plaintiff's case as well as at the termination of all the evidence, the defendant made a motion for directed verdict, which was by the court overruled. Thereupon the defendant gave notice of appeal to the Court of Common Pleas from the judgment rendered, said appeal being on "questions of law and fact". Such proceedings were further had that the case was lodged in our court.

It will appear at once that the appeal was not properly on questions of law and fact but upon questions of law, it not being an equity case. The case, however, proceeded in this court in

accordance with the provisions of §12223-22 GC.

We have carefully read the record and may briefly state that the facts admitted and developed by the evidence are to the effect that the defendant, being then a candidate for Sheriff in the Primaries of 1936, arranged to attend a political meeting at New Carlisle. The plaintiff and defendant had been personal and political friends for years and had during that campaign attended numerous meetings. The plaintiff advocated among his friends and with strangers the nomination of the defendant, particularly by the distribution of small cards issued by the defendant.

On the day in question the parties met by accident and the defendant notified the plaintiff of the New Carlisle meeting and they there mutually agreed to attend the meeting. The witnesses do not agree as to the exact conversation that preceded the decision for the mutual trip. The plaintiff says, in substance, that he met the defendant who informed him of the meeting and inquired whether he would go along to which the plaintiff responded affirmatively. The defendant's account of the transaction is that he met the plaintiff, told him of the meeting and asked him whether he would like to go along, whereupon the plaintiff expressed his desire to go. This difference is simply to reflect upon whether the defendant notified the plaintiff of the meeting and asked him to accompany him or whether the defendant notified the plaintiff of the meeting and plaintiff requested permission to accompany defendant. We do not discover that that would make any particular difference under the circumstances of this case.

The defendant-appellant urges that he was not guilty of any negligence contributing to the plaintiff's injuries but that if he was negligent, the plaintiff, directly contributed to his own injury by negligently taking such a position upon the edge of the rear seat of the automobile that he subjected himself to being thrown from his seat upon the automobile being jarred by any roughness in the road.

The defendant also denies that he was driving at a rapid rate of speed but asserts a speed that was safe considering the condition of the highway. He admits that the road was in places rough and choppy but takes the position that the chuck hole was concealed and not discovered by him, although, his lights were in good condition.

It appears that the automobile was driven to New Carlisle by one route and back by another, which was supposed to be somewhat shorter, the parties desiring to return to Springfield in time to attend another political meeting.

We have read the testimony and the charge of the Court and are of the opinion that the issue as to the defendant's negligence and as to the contributory negligence of the plaintiff were properly submitted to the jury and under the conflict in the evidence it was essentially a jury question. We are not disposed to disturb the judgment based upon the allegations of negligence.

It will be at once discovered that the main and really the only question to be submitted to the court is, whether or not under the facts disclosed, the plaintiff was riding in the car as a guest of the defendant and that the defendant was thereby under the protection of §6308-6 GC, commonly known as the guest statute. For purpose of refreshing our memory, we quote the statute.

"The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or persons responsible for the operation of said motor vehicle."

There is no allegation in the petition nor does the evidence disclose that the injuries were caused by the wilful or wanton misconduct of the driver. A guest must plead facts ▮▮▮▮▮▮▮ that reveal on their face the element of wilfulness or wantonness. **Vecchio v Vecchio, 131 Oh St 59.**

This court in the case of **Voelkl, Appellee v Latin, Admr., Appellant, 58 Oh Ap 245,** had occasion to examine all the cases then extant in reference to the guest statute. In the majority opinion, we there observed,

"One who is injured while being transported in a motor vehicle of another may avoid the limitations of the guest statute under at least three conditions:

(1) That he is not a guest.
(2) That he is being transported for payment.
(3) That the injuries were caused by misconduct of the operator."

In that case there was no question but that the injured person was a guest and the case revolved around the point as to whether the guest was being transported for payment, it being there held that a contribution to the cost of the gasoline did not constitute payment for the transportation and that such contribution did not deprive the driver of the immunity granted by the statute. The court in that case also had occasion to examine in detail the case of **Dorn, Admr. v Village of North Olmsted, 133 Oh St 375,** the opinion in which had been just then announced. This court in the majority opinion pointed out that the Olmstead case differed from the case then at bar in that the court laid down the rule by which it was to be determined whether the injured person was a guest, whereas in the case then under discussion in this court it was evident that she was a guest but the question revolved around the point as to whether she was being transported for payment.

In the case of Dorn v The Village of North Olmsted there is given a definition of who is a "guest" under the meaning of §6308-6 GC, it being stated in the fourth syllabus,

"A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a motor vehicle, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the motor vehicle other than the mere pleasure of his company."

This is almost identical with Syllabus 1 in **Beer v Beer, 52 Oh Ap 256,** which case is further under consideration in **Beer v Beer, 134 Oh St 127.**

In the instant case we are confronted with the relation of the candidate to his supporter where an accident occurs by reason of the operation of the car by the candidate when the car driven by the candidate is conveying to and from a political meeting, a supporter of the candidate. Did the adherent of the candidate accept hospitality of the driver and take a ride for his own pleasure without making any return to or conferring any benefit upon the driver other than the mere pleasure of his company? It is well understood that those who drive with the candidate to a point where a political meeting is being held usually do so not for the purpose of enjoying the hospitality of the driver nor for the pleasure of the one being driven. Each of the parties at least has in mind that the attendance upon the political meeting of both the candidate and his supporters will result in some benefit to the candidate driver. If the candidate hires or pays the person riding with him a specified sum of money for his political services, such person is not under the guest statute.

In the instant case the Republican candidate for Sheriff attended a Townsend Old Age meeting, hoping to make friends and get some of that organization's support. However, on reaching

the meeting the chairman informed all candidates that no one would be permitted to make a political address from that platform. Thereupon the activities of the candidate in this case and the person riding with him to the meeting became limited and the benefit anticipated by the candidate probably did not materialize. However, the relationship still existed, the purpose of the trip while abortive, was still to confer a benefit upon the driver by reason of the attendance of the injured person. While we are quite frank to say that if this matter were one of first impression we would not take the position that one riding with a candidate in the candidate's car and who was injured by the negligence of the driver would, under such conditions, escape the restriction of the guest statute, yet we do not see how we can avoid, under the above decision, holding that Delk on this trip was not the guest of Young, the candidate.

Since our former decision in the Voelkl case there have been other decisions of interest both by the Supreme Court and Courts of Appeals and we cite without further comment, **Beer, Appellant v Beer, Appellee, 134 Oh St 271**, wherein it is held in substance that where upon a trip by the owner, the payment of the expenses of the car by those riding with him, does not constitute them passengers for a consideration. It is true this was an insurance case but the ruling of the court is pertinent and seems to contradict the conclusion of the Court in the 2nd syllabus of **Beer v Beer, 56 Oh Ap 256**, supra. See also **Bailey, Appellee v Neale, Appellant, 63 Oh Ap 62 (16 OO 290)**. It is there held that a person invited to make a trip by the driver for the purpose of assisting the driver without promise of pay is not a guest within the purview of the section and is owed the duty of having ordinary care exercised in the operation of such motor vehicle by the driver, although, such person may receive and indirectly benefit from such transaction.

On the whole, we are of the opinion that under the facts in the present case the plaintiff was not a guest and that the owner and driver of the car was not under the protection of the guest statute; that the injury was one arising proximately from the negligent act in the method in which the car was driven.

We must not overlook the fact that the question of whether the plaintiff was or was not a guest was submitted to the jury which returned an answer to the interrogatory to the effect that the plaintiff was not a guest. This answer was concurred in by all the jurors who agreed upon the verdict.

We have read the other errors claimed by defendant relating to the introduction of evidence and to the charge. of the court and find none of them prejudicial.

Judgment of the court affirmed.

GEIGER and BARNES, JJ., concur.
HORNBECK, PJ., concurs in judgment.