## Sudol et ux., Appellants, *v.* Gorga.

Argued January 13, 1943. Before MAXEY, C. J.; DREW, LINN, STERN, PATTERSON, PARKER and STEARNE, JJ.

*Vincent P. Desmond,* with him *Alex J. McCloskey, Jr.,* for appellant.

*Guy G. deFuria,* for appellee.

OPINION BY MR. CHIEF JUSTICE MAXEY, March 22, 1943:

This is an appeal from the refusal of the court below to take off a compulsory non-suit in an action of trespass. Plaintiffs brought suit to recover damages for the death of their seventeen year old son, when an automobile in which he was riding as a passenger overturned on a highway in Maryland. The action was directed against a minor, whose father was named as guardian ad litem for the purpose of this suit. The minor was the driver of the car in which the victim was a passenger.

Both the deceased and the minor defendant, Sudol, and three other youths, all Chester High School students, left Chester by automobile to join the Senior Class of the school in Washington, D. C., on May 24, 1941. While proceeding on the Baltimore Pike, at a point about 50 miles from Chester, the automobile turned over and John Sudol was thrown from it and fatally injured. It was testified by two of these youths and by the defendant, who was called as for cross-examination, that a truck proceeding in an opposite direction forced the automobile driven by the defendant off the road.

At the point of the accident there is a long, steep grade. The car in which the victim was a passenger was ascending that grade. The highway was 18 feet wide; the shoulder, which was 3 feet in width, was rough and was of macadam. It was "broken in spots" and it left "a drop of four to six inches" at its far edge. From the bottom of the hill the driver of the ascending car had a view to the top of at least three hundred to four hundred yards. He saw when one quarter of the way up the hill a truck coming over the top of the hill, swerving to the automobile's side of the road. The defendant believed that the on-coming truck would "straighten up" and therefore he did not slacken his car's speed, which was about forty-five miles an hour, but "went straight ahead". He testified: "After he came toward me I swerved to miss him" and that the truck "was five to ten feet in front of" him when he "first went off the road".

The trial judge entered the non-suit "upon the ground that the testimony clearly disclosed no negligence whatever on the part of the defendant, John Peter Gorga, but on the contrary showed that the occurrence, which in turn caused the death of plaintiffs' decedent, was brought about by the negligence of the operator of a large truck or automobile carrier which forced the automobile of the defendant from the road, causing it to overturn."

Since this accident took place in Maryland, the legal standard by which it is to be determined whether or not a cause of action is created is the law of that state: Section 391, Restatement of the Law of Conflict of Laws; *Mike et al., Appellants, v. Lian*, 322 Pa. 353, 185 A. 775; *Dickinson v. Jones*, 309 Pa. 256, 163 A. 516. The law of Maryland is that a host operating an automobile owes to a guest in that car the duty of due care: *Powers v. State of Maryland, to the use of Reynolds*, 178 Md. 23, 11 A. 2d 909. The law of the forum determines whether there is sufficient evidence on an issue of fact to warrant

its submission to a jury. Restatement of the Law; Conflict of Laws, sec. 595. *Robertson v. Jewel Tea Co., Inc., Aplnt.,* 309 Pa. 293, 163 A. 530; *Singer, Admrx., Aplnt., v. Messina,* 312 Pa. 129, 167 A. 583.

We find that under the facts of this case there was sufficient evidence of the defendant's negligence as to make the entry of a non-suit unwarranted. When he saw the truck coming down the hill towards him, a few hundreds of yards away, and swerving to his side of the road, it was his duty in the interest of the safety of his passengers to slacken his speed substantially or possibly to stop. When he saw that the driver of the oncoming truck was driving carelessly, he could not with prudence assume that this carelessness was but a momentary aberration and that this driver would make a timely return to proper driving. As the truck came down the hill, it was, by defendant's own admission, "two or three feet" over the white center line. As the Maryland Court of Appeals said in *Dashiell v. Moore,* 11 A. 2d 640: ". . . To avoid disaster, one driving at that speed [45 miles an hour] must be vigilant at all times to detect danger and ready to act instantly to avoid it." A driver facing a dangerous situation as did this defendant cannot escape the just imputation of negligence if he fails, as this defendant did, until the *last* of many seconds available to him, to take prudent action to avoid it. What actually happened in this case proves the folly of the course the defendant pursued. It is a reasonable inference that this fatal accident could have been avoided by the exercise of elementary prudence on the part of this minor defendant; he owed to his passengers the exercise of such prudence and when disaster over-took one of these passengers by the defendant's failure to exercise due care under the circumstances he is prima facie answerable in damages. That the driver of the truck was also negligent does not, of course, excuse this defendant's negligence.

The cases of *Polonofsky et al., Aplnts., v. Dobrosky,* 313 Pa. 73, 169 A. 93; *Mulheirn v. Brown et al., Aplnts.,*

322 Pa. 171, 185 A. 304, are distinguishable from the instant case because of the *suddenness of the approach* of the on-coming cars in those cases, respectively. There was no sudden approach in the instant case. The "swerved" on-coming truck here involved was visible to defendant driver for at least 675 feet.

The court below states that it "relies upon" the case of *Leslie v. Catanzaro*, 272 Pa. 419, 116 A. 504, and quotes from it as follows: "One who, in sudden emergency, acts according to his best judgment, or who, because of want of time in which to form that judgment, omits to act in the most judicious manner, is not chargeable with negligence." The factual situation in the instant case does not show such "want of time" in which to form a sound judgment, so conclusively that the court below was justified in so declaring as a matter of law. In the case cited the driver of the automobile had neither actual nor constructive notice that the object with which he collided (a "rapidly approaching sled") was on the hill, until it was from 15 to 25 feet away from him.

The court below also cites *Riley et ux. v. Wooden*, 310 Pa. 449, 165 A. 738, in support of the proposition that a case of negligence was not made out here by proof merely of the fact that defendant's automobile left the road and overturned. In this case, the entry of a nonsuit was upheld by the court because, as we said, the defendant when called for cross-examination and whose testimony was not impeached testified to facts from which "it appears that he omitted nothing that he could have done" and "it is clear that the cause of upsetting was not excessive speed."

In the instant case it is not so clear that the defendant omitted nothing that he could have done or that the cause of the upsetting was not excessive speed, as to justify the court in entering a non-suit.

The order refusing to take off the compulsory non-suit is reversed, with a procedendo.