O'Hagan, Appellant, *v.* Byron.

Argued April 27, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*J. Thomas Hoffman,* for appellant.

*John H. Sorg,* for appellee.

OPINION BY RHODES, J., September 13, 1943:

This trespass action arose out of an automobile acci-
dent in Ohio. Two questions are presented to us on
appeal by plaintiff: (1) Was plaintiff a guest as that
term is used in the law of Ohio? (2) Was the jury
warranted in finding negligence for which defendant is
responsible in damages?

At the first trial a compulsory nonsuit was granted
on the ground that section 6308-6 of the General Code
of Ohio, commonly known as the guest statute, pre-
cluded recovery. On plaintiff's motion the nonsuit was
removed and a new trial granted. At the second trial
the jury returned a verdict for plaintiff. Plaintiff
asked for a new trial because of the inadequacy of the
verdict; defendant moved for judgment n.o.v. The
court in banc granted defendant's motion and entered
judgment accordingly. Plaintiff then appealed.

The accident happened on May 30, 1938, in Massillon,
Ohio, and plaintiff was severely injured. Plaintiff and
defendant are sisters. They left Pittsburgh for Chicago
in defendant's automobile to ascertain the condition of
their brother who was ill. The trip was arranged by
defendant and a third sister who agreed to pay the

expenses. Both wanted plaintiff's opinion of the physical condition of their brother, and plaintiff was advised accordingly of their decision that she was to make the trip. Provision being made for her expenses, she agreed to comply with her sisters' request. Defendant testified: "A. ...... I asked her particularly to come with me so she could back up my opinion as to his condition." Estelle McDonnell, a friend of defendant, was to assist defendant in driving as far as Gary, Indiana, and likewise on the return trip from Gary to Pittsburgh. Miss McDonnell, having rejoined plaintiff and defendant at Gary on the return trip, was driving, at defendant's request, through Massillon, Ohio, about 11:50 P. M., when the automobile left the right side of the highway, jumped the curb, and struck a telegraph pole. The car was demolished by the impact with the pole which was severed. The night was clear and the highway was dry. There was no evidence that the accident did not arise from the want of care on the part of the driver.

Defendant's responsibility for plaintiff's harm is determined by the law of Ohio. *Mike et al. v. Lian,* 322 Pa. 353, 185 A. 775; *Kerstetter v. Elfman,* 327 Pa. 17, 192 A. 663; *Sudol et ux. v. Gorga,* 346 Pa. 463, 31 A. 2d 119; Restatement, Conflict of Laws, §379. The Ohio statute (Page's Ann. Gen. Code, §6308-6; Throckmorton's Ann. Code of Ohio 1934, §6308-6) provides: "The owner, operator or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the wilful or wanton misconduct of such operator, owner or person responsible for the operation of said motor vehicle."

The first question is whether plaintiff came within the terms of this statute; and for a construction of the statute we look to the Ohio cases. *Mackey v. Robertson,*

328 Pa. 504, 506, 195 A. 870. Protection of the statute is not given to the owner, operator, or person responsible for the operation of a motor vehicle from liability for ordinary negligence while transporting one who is not a guest, or a guest who is being transported for payment. See *Voelkl v. Latin,* 58 Ohio App. 245, 16 N.E. 2d 519, 522; *Delk v. Young,* Ohio App., 35 N. E. 2d 969, 971; *Duncan v. Hutchinson,* 139 Ohio St. 185, 39 N. E. 2d 140, 142; *Kerstetter v. Elfman,* supra, 327 Pa. 17, 19, 20, 192 A. 663.

In *Dorn v. Village of North Olmsted,* 133 Ohio St. 375, 14 N.E. 2d 11, at page 14, the Ohio Supreme Court adopted the following definition: " 'A guest is one who is invited, either directly or by implication, to enjoy the hospitality of the driver of a car, who accepts such hospitality and takes a ride either for his own pleasure or on his business without making any return to or conferring any benefit upon the driver of the car other than the mere pleasure of his company.' " See, also, *Dougherty v. Hall,* 70 Ohio App. 163, 45 N.E. 2d 608, 610.

In *Voelkl v. Latin,* supra, 58 Ohio App. 245, 16 N.E. 2d 519, at page 522, it was said: "A controlling factor in determining whether such a one is a guest is whether there was a consideration for the transportation, or the relationship of master and servant existed between the passenger and the operator, or the passenger became such for the benefit of the operator, or the passenger was being conveyed for the mutual benefit of the operator and the passenger." [1] In the present case there was evidence that plaintiff was induced to make the trip for the benefit of her sisters, and consequently she

---

[1] A general summary of the law appearing in 4 Blashfield's Cyclopedia of Automobile Law and Practice, Per. Ed., §2292, reads as follows: "One important element in determining whether a person is a guest within the meaning and limitations of such statutes is the identity of the person or persons advantaged by the carriage. If, in its direct operation, it confers a benefit only on

was not a guest as that term is used in the Ohio statute.

In *Dorn v. Village of North Olmsted,* supra, it was held that where a driver of an automobile invited another to accompany him for the sole purpose of pointing out to the driver the location of a certain house, such invitee was not a guest within the purview of section 6308-6 of the General Code of Ohio. In *Beer v. Beer,* 52 Ohio App. 276, 3 N.E. 2d 702, it was held that a sister, riding in an automobile with her brother, was not a guest within the meaning of the guest statute, §6308-6, General Code, where she was riding under an agreement whereby she and her sister were to visit their father, she to furnish the gasoline and oil and the brother the automobile. In *Beer v. Beer,* 134 Ohio St. 271, 16 N. E. 2d 413, which involved the same accident, the question was whether the plaintiff was a "passenger for a consideration" as that term was used in a policy of insurance. If she was, she could not recover from the insurance company the unpaid judgment as the policy excluded coverage for "carrying passengers for a consideration." The Supreme Court of Ohio held therein that plaintiff did not come within this provision of the policy, and that it did not follow from the fact she was not a guest that she was necessarily a passenger for a consideration within the exclusion clause. Recovery was allowed. But the court also said [16 N.E. 2d 413, at page 415] : "In the former proceeding [52 Ohio App. 276, 3 N.E. 2d 702], the fact was clearly established that the plaintiff was not a guest

the person to whom the ride is given, and no benefits, other than such as are incidental to hospitality, companionship, or the like, upon the person extending the invitation, the passenger is a guest within the statutes; but, if his carriage tends to the promotion of mutual interests of both himself and the driver and operators for their common benefit, or if it is primarily for the attainment of some objective or purpose of the operator, he is not a guest within the meaning of such enactments."

within the meaning of Section 6308-6, General Code ...... The same facts were before the court in both proceedings." See, also, *Bailey v. Neale,* 63 Ohio App. 62, 25 N.E. 2d 310.

Defendant does not attempt to support the conclusion of the court below that Miss McDonnell was as much the agent of plaintiff as she was of defendant, and that consequently there could be no recovery by plaintiff. The evidence would not justify a finding that plaintiff had a right to share in the control of the automobile at the time of the alleged negligence. Defendant owned the automobile; Miss McDonnell agreed to assist defendant in driving, and while driving she was under defendant's control. Under the facts which were established at the trial there could be no imputation of negligence to plaintiff. *Rogers et ux. v. Saxton,* 305 Pa. 479, 488, 158 A. 166; *Landy v. Rosenstein et al.,* 325 Pa. 209 213, 188 A. 855; *Corse v. Ferguson,* 118 Pa. Superior Ct. 606, 608, 180 A. 65; *Bloom v. Leech,* 120 Ohio St. 239, 166 N.E. 137; *Hiller et ux. v. Shaw,* 45 Ohio App. 303, 187 N.E. 130, 132; *Bailey v. Parker et al.,* 34 Ohio App. 207, 170 N.E. 607, 609.

The second question is now answered by the fact that there was sufficient evidence of negligence in the operation of defendant's automobile to warrant its submission to the jury. As to this the law of the forum controls. See *Sudol et ux. v. Gorga, supra,* pp. 465, 466; *Singer, Adm'x, v. Messina,* 312 Pa. 129, 135, 137, 167 A. 583; Restatement, Conflict of Law, §§380, 595. That the evidence was sufficient under the facts of this case for the jury to gather that the accident arose from want of due care is clearly indicated by the following cases: *Swalina et al. v. Pisalski,* 129 Pa. Superior Ct. 51, 194 A. 749; *Knox v. Simmerman,* 301 Pa. 1, 151 A. 678; *Maltz v. Carter,* 311 Pa. 550, 166 A. 852; *Ravis v.*

*Shehulskie,* 339 Pa. 161, 14 A. 2d 70; *Brewer et ux. v. Brodhead et al.,* 341 Pa. 384, 19 A. 2d 117.[2]

*Lithgow et al. v. Lithgow,* 334 Pa. 262, 5 A. 2d 573, and *Ferrell v. Solski,* 278 Pa. 565, 123 A. 493, relied upon by defendant to support her position that plaintiff has failed to adduce evidence sufficient to warrant a finding of negligence, are not in point. In the Lithgow case it was held that the skidding of an automobile does not of itself establish negligence on the part of the driver. Moreover, in that case the record failed to disclose whether the car actually left the road. See *Ravis v. Shehulskie,* supra, p. 165. In the *Ferrell* case there was a depression in the highway, and as the front wheels of the automobile crossed over it was deflected to the left and its progress not impeded until the opposite side was reached. An effort was made to guide the machine and head it again to the right. In making the sudden turn required the rear of the automobile was thrown around and struck a telephone pole.

In view of what we have said, the court below erred in entering judgment n.o.v. for defendant. The court below accordingly refused plaintiff's motion for a new trial, but it expressed the opinion that the verdict, if plaintiff was entitled to recover, was inadequate. We will reinstate the motion for a new trial; and the court below may, when the record is again before it, make such order in respect to this motion as it believes justice requires.

The judgment of the court below entering judgment for the defendant n.o.v. is reversed; its order refusing plaintiff's motion for a new trial is reversed, and the motion is reinstated.

---

[2] Our search indicates that the same result would be reached under the Ohio decisions. See *Zwick v. Zwick,* 29 Ohio App. 522, 163 N.E. 917, petition in error dismissed 119 Ohio St. 644, 166 N.E. 202; *Weller v. Worstall,* 50 Ohio App. 11, 197 N. E. 410, affirmed 129 Ohio St. 596, 196 N. E. 637.