## Papciak, Administratrix, etc., v. Palmer, etc.

Before Hoban, P. J., Eagen and Robinson, JJ.

*Irving L. Epstein*, for plaintiff.

*Nogi, O'Malley & Harris*, for defendant.

ROBINSON, J., July 16, 1952.—Defendant filed preliminary objections to a complaint in trespass in an action for wrongful death (Pa. R. C. P. 2201). The accident which caused the fatal injury occurred in the State of New Jersey. Plaintiff's intestate died in Pennsylvania.

Plaintiff sued in two capacities—as the administratrix of the estate of Francis Dulick, upon letters of administration granted by the Register of Wills of Lehigh County, and also as an administratrix "ad prosequendum" appointed by the Surrogate of Somerset County, N. J.

The complaint charges that the death was due to defendant's negligence and is stated alternatively in four counts: (1) The action alleged in the first count is brought under our Act of April 15, 1851, P. L. 669, 12 PS §1601 and Pa. R. C. P. 2202(a) to recover for the benefit of decedent's widow and children. (2) The claim in the second count is brought under our Act of July 2, 1937, P. L. 2755, 20 PS §772, authorizing suit by personal representatives to recover damages for the benefit of decedent's estate. In these counts plaintiff is suing as a Pennsylvania administratrix. (3) The recovery sought in the third count is pleaded in the alternative and is brought by plaintiff as an administratrix "ad prosequendum" under the provisions of the Revised Laws of New Jersey, 1937, title 2, chapters 47 and 175, chapter 29, 1943, and Pa. R. C. P. 2207. (4) The claim in the fourth count also pleaded in the alternative is brought by plaintiff as a Pennsylvania administratrix to recover for the benefit of the victim's estate under the Revised Laws of New Jersey, 1937, title 2, chapter 26, sec. 9.

The preliminary objections allege that the actions cannot be maintained under Pennsylvania statutes because the fatal injury did not occur in this Commonwealth and that actions for wrongful death which arise under New Jersey statutes cannot be enforced in the courts of Pennsylvania.

At common law no right of action existed to recover damages for wrongful death caused by a defendant's negligence. Cf. Murray, Admr., v. Philadelphia Transportation Company, 359 Pa. 69. The right to recover therefor is purely a creation of the statute in that a cause of action is provided by the legislature where none existed before: McFadden v. May, 325 Pa. 145; Kaczorowski v. Kalkosinski, 321 Pa. 438. Legislation awarding such rights of action falls generally into two categories. In Pennsylvania suits may be in-

stituted under the Death Act of 1851 for the benefit of certain relatives, and suits under the Survival Act of 1937 allow recovery for the benefit of the victim's estate. The New Jersey statutes referred to in the complaint are of the same general pattern.

It is clear that the right of plaintiff to recover in the instant litigation must be found in the provisions of the New Jersey statutes.

In Foley, Executrix, v. The Pittsburgh-DesMoines Company et al., 363 Pa. 1, the court said:

"The law of the place where the injury was sustained — the lex loci delicti — determines whether a right of action exists: Restatement, Conflict of Laws, §§378, 383, 391; Rosenzweig, Administratrix v. Heller, 302 Pa. 279, 153 A. 346; Dickinson, Administratrix, v. Jones, 309 Pa. 256, 163 A. 516; Mackey v. Robertson, 328 Pa. 504, 195 A. 870; Sudol v. Gorga, 346 Pa. 463, 31 A. 2d 119."

Where, as here, the fatal injury occurs in one jurisdiction and the death of the injured person in another, the emphasis is on the law of the place where the injuries occur (Mike et al. v. Lian, 322 Pa. 353) because it is the tort which causes the death and not the death itself that is the basis for the action given by the statute to redress the wrong. In 2 Beale, Conflict of Laws, sec. 391.1, the textwriter states the rule as follows:

"The law of the place where the fatal injury was inflicted governs the cause of actions for death, not the law of the place where defendant acted or was negligent or of the place of death."

American Law Institute Restatement of the Law of Conflict of Laws, §391, provides: "The law of the place of wrong governs the right of action for death." These simplifications undoubtedly state the principle on the subject which has been recognized and applied by the courts in Pennsylvania. See Centofanti v. Penna. R. R. Co., 244 Pa. 255. The case of Hoodmacher

v. Lehigh Valley Railroad Company, 218 Pa. 21, on its facts, is not authority for the proposition that the law of the place of death governs the action although the language of the opinion may well lead to confusion.

It is our opinion that the statutory rights of action available to plaintiff are those afforded by the laws of New Jersey. The Pennsylvania Death Act of 1851 and the Survival Act of 1937 have no application here and the first and second counts of the complaint must be stricken off.

Pa. R. C. P. 2207, Actions Arising Under Foreign Law, provides that:

"When an action to recover damages for wrongful death is brought in this Commonwealth to enforce rights arising under the laws of some other jurisdiction it shall be brought by the person authorized to bring the action by the law of the jurisdiction where the cause of action arose."

This rule is declaratory of the Pennsylvania conflict of laws rule, 332 Pa. CXIX. The lex loci delicti here is the applicable statute of New Jersey which determines the person authorized to bring the action.

The New Jersey Death Act, providing for a right of action for the benefit of named relatives in case of wrongful death, requires that such action be brought in the name of an administratrix ad prosequendum. Plaintiff having alleged her appointment as such by the Surrogate of Somerset County, N. J., is qualified to prosecute the claim averred in the third count of the complaint. See Rosenzweig, Admx., v. Heller, 302 Pa. 279; Smith, Administrator, v. Pennsylvania Railroad Co., 304 Pa. 294; Singer, Admx., v. Messina, 312 Pa. 129.

The New Jersey Survival Act pleaded in the fourth count of the complaint provides ". . . administrators may have an action for any trespass done to the person . . . of their intestate . . . and recover damages as

their . . . intestate would have had if he was living." Thus the statute places right of action in the general administrator to recover for the wrongful death of decedent for the benefit of his estate. Where the victim is domiciled in Pennsylvania, the general administrator is appointed under our laws. Recovery under the New Jersey Survival Act may be had by the Pennsylvania administrator in the Pennsylvania courts. See Dickinson, Admx., v. Jones et al., 309 Pa. 256. Plaintiff in the capacities averred in the third and fourth counts of the complaint is clearly the person who, under Pa. R. C. P. 2207, is "authorized to bring the action by the law of the jurisdiction where the cause of action arose."

Now, July 16, 1952, the preliminary objections to this complaint must be sustained as to the first and second counts which are stricken off. The preliminary objections to the third and fourth counts are dismissed.