ZWICK v. ZWICK

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3129. Decided Mar. 12, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**AUTOMOBILES.**

(50 Nn) Proof that while plaintiff was riding as passenger in defendant's automobile, automobile suddenly and for some unknown reason, collided with poles, located at street corner, causing plaintiff to be thrown through windshield and injured, sufficient to warrant inference that loss of control of automobile was due to negligence of defendant who was driving.

Error to Common Pleas.

Judgment affirmed.

Roettinger & Street, Cincinnati, for plaintiff in error.

Pogue, Hoffheimer & Pogue, Cincinnati, for defendant in error.

#### STATEMENT OF FACTS.

Defendant in error brought suit against the plaintiff in error in the court of common pleas, in an action for personal injuries.

The third amended petition alleges that the defendant, who is the plaintiff in error here, was the owner of an automobile and was operating the same on and along Ludlow Avenue, Cincinnati, Ohio, and that the plaintiff herein was riding in said automobile as a passenger; that the defendant suddenly and without warning carelessly and negligently operated the steering wheel of said automobile or permitted the steering wheel to escape her control so that the said machine turned to one side and was thrown against and collided with four poles erected on the southeast corner of Ludlow Avenue and Whitfield Street; that by reason of the said negligent and careless action of the defendant in managing and operating the said machine plaintiff was thrown violently through the windshield of said machine, whereby, and as a result whereof, plaintiff received multiple bruises about his body and extensive lacerations about his forehead and face, which said lacerations have left plaintiff permanently scarred and disfigured.

The answer admitted the ownership and the operation as alleged, admitted that the plaintiff was riding in the automobile at the time, but denies that she was in any manner careless or negligent in the operation of the automobile, and follows with a general denial of the other allegations.

The case went to trial and resulted in a verdict for the plaintiff, defendant in error here.

Error is claimed in the overruling of the motion, by the trial court, for a directed verdict for the defense, at the close of plaintiff's evidence and at the close of all the evidence, and error in the general charge.

The plaintiff at the trial proved the ownership of the automobile, the operation thereof by the defendant, and the happening of the accident resulting in his injuries.

Plaintiff was unable to show what caused the turning of the machine which threw it against the poles, causing the injuries. He, together with the defendant in the case, plaintiff in error here, were the only witnesses to the accident.

The defendant failed to produce evidence explaining the cause of the accident, or to contradict plaintiff's evidence. The other evidence in the case was medical testimony concerning the injuries.

HAMILTON, P.J.

We are of opinion that the facts shown by the evidence, uncontradicted and unexplained, are sufficient to warrant the inference that the loss of control of the automobile and the collision with the poles, and the resulting injuries, were caused by the negligence of the defendant in the operation of her automobile. In other words, the situation calls for the application of the doctrine of res ipsa loquitur.

The machine was owned and operated by the defendant. The accident was an unusual happening, and, in the absence of any explanation, the jury was justified in inferring that the accident was caused by the negligence of the defendant.

The trial court in its charge to the jury did not use the expression res ipsa loquitur, but it did charge the jury that it should consider all the evidence which had been offered in the case, and consider as to whether that evidence, and any natural, probable and reasonable inferences which might be drawn from the evidence established or proved the defendant guilty of negligence. And that if such evidence proved the defendant guilty of negligence, which negligence resulted in injuries to the plaintiff, she was liable to the plaintiff. So that these inferences were submitted to the jury although not under the technical term.

See: Bag Co. v. Jaite, 112 Ohio St. 506; also Feiss v. Hensch, 8 Ohio Appellate District, decided October 31, 1927.

Our conclusion is that the trial court was correct in overruling the motion for an instructed verdict; that there was sufficient evidence under the maxim res ipsa loquitur to sustain the verdict of the jury; and that no error, prejudicial to the defendant, plaintiff in error here, intervened.

The judgment will be affirmed.
(Mills, J., concurs.)