Charles E. Seaman, as Administrator, etc., of Mary Seaman, Deceased, Appellant, v. Curtiss Flying Service, Inc., Respondent.— Judgment and order reversed upon the law and the facts and a new trial granted, costs to abide the event. The interests of justice require that a new trial be had herein despite the lack of appropriate exceptions to prejudicial error. The court committed

error in receiving much, if not all, of the testimony of the witness McNett, which was inadmissible for three reasons: (1) The mechanical perfection of the plane had been conceded; (2) the witness was not shown to be a competent observer of atmospheric conditions, and (3) his testimony seemed to be directed essentially to establishing that the pilot, Andrews, had been competent and free from negligence on a prior occasion, which testimony had no relevancy to the inquiry on this trial as to whether or not the pilot had been negligent on the particular flight which resulted in the crash, as a consequence of which the plaintiff's intestate died. It was likewise error to receive Exhibit I, and particularly item 13 thereof. Moreover, the doctrine of *vis major*, introduced into the situation by the court in its charge, had no application to the testimony adduced upon the trial contained in this record. And even if that doctrine had application it was not adequately explained to the jury in terms which they could understand so as to enable them to intelligently apply that doctrine to their findings of fact in this case upon the issue with respect to liability. The doctrine, if a proper case for its application appeared in any aspect of the evidence, should have been stated with due regard to its limited scope as set forth in well-settled adjudications. (*Merritt* v. *Earle*, 29 N. Y. 115, 119; *Woodruff* v. *Oleite Corporation*, 199 App. Div. 772; *Michaels* v. *N. Y. C R. R. Co.*, 30 N. Y. 564, 571, 573.) The charge was likewise prejudicial in its failure to charge the doctrine of *res ipsa loquitur* which had, under the facts appearing in this record, application to this case as a rule of evidence to aid the jury in passing upon the issue of liability. (*Plumb* v. *Richmond Light & R. R. Co.*, 233 N. Y. 285; *Slater* v. *Barnes*, 241 id. 284; *Griffen* v. *Manice*, 166 id. 188.) Lazansky, P. J., Young, Hagarty, Carswell and Tompkins, JJ., concur.