WELLER, EXRX., *v.* WORSTALL.

(Decided November 30, 1934.)

*Messrs. Pugh & Van Dervort* and *Mr. A. A. Porter*, for plaintiff in error.
*Messrs. Graham & Graham,* for defendant in error.

SHERICK, P. J. This is an action by Harry Worstall for personal injury sustained by him as a guest passenger while riding in an automobile then being driven by Harry A. Weller, the decedent of the plaintiff in error executrix. The guest, Harry Worstall, obtained a verdict at the hands of the jury, upon which judgment was entered. But one ground of claimed error is herein relied upon for reversal of this judgment, that being the refusal of the trial court to direct a verdict in favor of the decedent's estate.

It is averred in the pleadings "that said automobile was being driven by said Harry Weller and while being so driven, he suddenly and without warning negligently drove said automobile off of said highway, or, he negligently permitted the steering wheel to escape his control so that said machine turned to the right side of said road, going over a steep embankment." The executrix of Weller, who was killed as a result of this accident, controverts this claimed negligence by a general denial, a charge of contributory

negligence, and an assertion that the accident was an unavoidable one.

It appears from the evidence that the decedent, the guest and two others were in the automobile at the time. One of the others sustained injuries from which he shortly thereafter died. The third passenger appears as a witness for the defendant below. The defendant in error did not testify, his mouth being closed by the statute. The proof as made lays the scene of this accident at a certain box culvert, which was without head walls at either end, and which spanned a shallow stream about ten to twelve feet below the road surface. The road traversed was a sixteen foot macadam, with a small unguarded berm grown up in tall weeds. The road is shown to have been chuckey, and stone had been edged over to the side, which formed a ridge of loose material. The place indicated was upon a comparatively level stretch, which was approached by the parties down a considerable grade at a rate of speed of from thirty to thirty-five miles per hour.

It may first be said that the defendant recognized the rule stated in *Uncapher* v. *B. & O. Rd. Co.,* 127 Ohio St., 351, 188 N. E., 553, that "the plea of unavoidable accident is diametrically opposed to the theory of negligence in any form," and no proof was offered to sustain the defense of contributory negligence. That defense, therefore, was not made or relied upon and is not in this case. The question presented by the record lays in the fact that the plaintiff proved the happening of the accident at the point and place described, and relying upon such reasonable inferences deductible from these facts invoked the application of the rule of *res ipsa loquitur,* without proof being made of either alleged claims of negligence. The plaintiff concisely maintains his position by adoption of the fol-

lowing language appearing in 20 Ruling Case Law, 187, Section 156:

"More precisely the doctrine res ipsa loquitur asserts that whenever a thing which produced an injury is shown to have been under the control and management of the defendant, and the occurrence is such as in the ordinary course of events does not happen if due care has been exercised, the fact of injury itself will be deemed to afford sufficient evidence to support a recovery in the absence of any explanation by the defendant tending to show that the injury was not due to his want of care."

Reliance is further placed on the case of *Zwick* v. *Zwick*, 29 Ohio App., 522, 163 N. E., 917. It is claimed that this case is exactly parallel to the one at bar, not only as to the facts and law but also as to the issues made by the pleadings.

The plaintiff in error first makes the claim that negligence is never presumed from the mere happening of an accident. That is true of a state of facts and circumstances which does not properly lend itself to an application of the rule of evidence or doctrine of *res ipsa loquitur*. It is not true, however, when a state of facts is presented within the requirements of the statement set forth in 20 Ruling Case Law, *supra*. Now do the presented facts warrant the application of the rule?

The case of *Scovanner* v. *Toelke,* 119 Ohio St., 256, 163 N. E., 493, should and does settle that question. It is therein announced in the fifth paragraph of the syllabus:

"Where a motor driven vehicle is being operated by the owner along a thoroughfare and leaves such thoroughfare and collides with and damages an adjoining building, and no other testimony is adduced to prove negligent operation of the truck, the *res ipsa loquitur* doctrine applies, and, in the absence of an ex-

planation on the part of the defendant showing due care in the operation of the automobile, it is not error for the trial court hearing the cause without the intervention of a jury to render judgment against the defendant.''

Although this case is not a guest case it must be recognized that the principle involved is exactly the same. In 15-16 Huddy's Cyclopedia of Automobile Law (9th Ed.), 280, Section 157, a statement of the rule is to be found, with many cited authorities, to some of which we shall refer.

In *Mackenzie* v. *Oakley*, 94 N. J. L., 66, 108 A., 771, where the automobile in which the plaintiff was a guest skidded on a highway and crashed into a pole, which highway the defendant owner claimed was made slippery because of a sudden shower, the question whether the defendant's explanation was sufficient under the doctrine of *res ipsa loquitur* was held to be one for the jury. In the opinion the court said:

''The situation presented is within the rule applicable to an accident, which suddenly and for no apparent cause happens, and yet from the very fact of its occurrence an abnormal situation is presented which bespeaks negligence in operation, under the rule of *res ipsa loquitur,* which calls upon the defendant for an explanation to exculpate herself from the legal inference or presumption of negligence arising therefrom.''

Again in *Hamburger* v. *Katz,* 10 La. App., 215, 120 So., 391, a case very like the cause now being considered, it was held, in an action by an automobile guest against the driver for injuries resulting when the car suddenly swerved to the right and rolled down an embankment, that negligence of the driver was presumed, under the doctrine of *res ipsa loquitur,* and the driver was required to overcome the *prima facie* case by evidence that he was not negligent.

It is not our purpose to adopt the language and reason of these authorities *in toto,* for it is our view that the doctrine does not amount to a presumption of negligence or establish a *prima facie* case, but merely warrants and permits a jury to draw an inference of negligence. We conclude that the doctrine is applicable to the situation presented by the proven facts of this case.

The plaintiff in error further contends that this rule can not here apply because specific acts of negligence are pleaded. We find that the same practice was pursued in the *Scovanner case, supra,* and that the court did not disapprove. In *Union Gas & Elec. Co.* v. *Waldsmith,* 31 Ohio App., 118, 166 N. E., 588, it is held that one does not waive his right to invoke the doctrine of *res ipsa loquitur* by pleading and attempting to prove the particular acts of negligence and cause of his injury. For as is said in *Beeler* v. *Ponting,* 116 Ohio St., 432, 156 N. E., 599, the doctrine is not a rule of pleading, but one of evidence. And being a rule of evidence it may be invoked when the proven facts warrant.

It is also urged that the rule is inapplicable because there was another equally efficient proximate cause, to-wit, that a strong case had been made against the county commissioners for failure to keep this road in repair, to establish head walls upon the culvert, and to place and maintain guard rails. The evidence offered which tended to establish such facts was not to fix liability upon the county or to establish its negligence, but was an effort and attempt to explain that the plaintiff's injury was not due to the decedent's want of care. The county might have been negligent, but any such negligence might not have been a proximate and contributing cause. The jury without doubt was not satisfied with the explanation made, and found the inference from all the facts to preponderate in favor of the plaintiff and against the deceased.

As a last contention it is claimed that the doctrine can not be invoked against one who died as a result of the same accident. It is stated that the real reason for the rule lies in the fact that the cause of injury is usually known by the defendant and unknown to the plaintiff, and that when the reason for the rule fails the rule becomes inoperative. In other words the management and control of the automobile having been in the decedent, and he being dead, he can not now speak the true cause of the accident. That theory may be one of the reasons for the rule, but it is not the basic cause for its adoption. The true reason is found in the rule itself, in that the act complained of, or, the thing, speaks for itself. It is therefore not the matter of the defendant's ability to speak, but the fact that the act itself speaks.

It would be just as logical to say that if a defendant does not know the cause of an accident, a plaintiff might not recover. A defendant might purposely say he did not know. If he did so he might as well be dead in so far as a plaintiff was concerned, for if a defendant could or would not speak the plaintiff must fail. The rule permits a defendant to speak the cause of the accident and perhaps thereby escape liability. He may do that by testimony other than his own. The plaintiff's right to recover can not be grounded on a defendant's inability or refusal to speak.

We are unwilling to conclude this opinion without the remark that this court does not look with favor upon guest suits of this character. The recent legislation forbidding such suits, except in case of wilful and wanton negligence, fully comports with our views, but inasmuch as this cause of action antedates the enactment the judgment must be and is affirmed.

*Judgment affirmed.*

LEMERT and MONTGOMERY, JJ., concur.