## SMITH v. PACIFIC ALASKA AIRWAYS, Inc.*

### No. 8284.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1937.

John L. McGinn and Julian A. Hurley, both of Fairbanks, Alaska (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellant.

George M. Naus and Donald Seibert, both of San Francisco, Cal., and Charles E. Taylor, of Fairbanks, Alaska, for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

Aldwyn David Roberts was killed September 20, 1933, by the crash of an airplane belonging to the appellee, the Pacific Alaska Airways, Inc., in which he was riding as a passenger. His administrator brought suit to recover damages for his death. The case was tried by a jury, which gave its verdict in favor of the appellee, and from the judgment the administrator·takes this appeal.

The appellant proved that the plane crashed, and rested. The appellee, to meet the prima facie case arising under the res ipsa loquitur doctrine, attempted to prove that the pilot of the plane and the inspecting mechanic were duly licensed under the law requiring such licenses (Act of Congress, known as "Air Commerce Act of 1926," § 3, as amended, 49 U.S.C.A. § 173; Session Laws of Alaska 1929, c. 75, known as "Uniform Air Licensing Act").

In proof of the claim that the pilot was licensed, a witness, Joe Crosson, was asked concerning George Edward Young, the pilot, "Do you know, referring to the date of September 20, 1933, do you know whether he held a license as an airplane pilot." This question was objected to upon the ground "that it is not the best evidence." This objection was overruled and an exception noted. The ruling is assigned as error. The witness answered:

"A. Yes, he did; I saw it each time the license was renewed, which was every six months. It was certified by me at the

*Rehearing denied May 10, 1937.

time of each renewal and my certificate was put in his log so it could be checked up. I also saw it after his death.

"Q. Where? A. In the possession of his wife."

As to the evidence concerning the license of the pilot, it is perfectly clear that the license itself would be the best evidence of the fact that the pilot was licensed.[1] The question of whether or not the witness knew that a license had been issued would be preliminary to the introduction of the license itself and would be proper, but the question asked was not treated by the court or the parties as preliminary in form, purpose or intent. The evidence was adduced for the purpose of establishing the fact that the pilot was duly licensed. The examination of another witness and the overruling of a similar objection had fully advised the court and counsel of the appellant's contention that the evidence sought was secondary.

It is claimed by the appellee in support of the ruling allowing secondary evidence that as it was shown that the license of pilot Young who was killed was in the possession of his widow secondary evidence was therefore admissible. However, her whereabouts is not disclosed by the evidence. Even if she were out of the court's jurisdiction, the receipt of the Territorial Treasurer which is made prima facie evidence by the law of the Territory[1] would be better evidence of the issuance and registration and contents of the license of the pilot, than the testimony of a witness thereto. Such a receipt was introduced in evidence showing a pilot's license issued to Young, expiring April 15, 1933, before the accident. It was error to overrule the appellant's objection.

The appellee contends that the error in the introduction of this secondary evidence was not prejudicial because of the presumption that the law had been complied with, that is, that a license had been obtained and registered. Cincinnati, New Orleans & Texas Pacific Railway Co. v. Rankin, 241 U.S. 319, 36 S.Ct. 555, 60 L. Ed. 1022, L.R.A.1917A, 265; New York

Central & Hudson River Railroad Co. v. Beaham, 242 U.S. 148, 37 S.Ct. 43, 61 L.Ed. 210; Southern Pacific Co. v. Stewart, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345; American Railway Express Co. v. Lindenburg, 260 U.S. 584, 589, 43 S.Ct. 206, 208, 67 L.Ed. 414. Hence it is argued by the appellee that in view of the presumption in its favor it was unnecessary for it to make any affirmative proof of the existence of such license, and of the registration thereof with the territorial treasurer. The appellee, having introduced secondary evidence of such license, cannot justify its introduction upon the theory that such evidence was not necessary. The presumption of compliance with law is a rebuttable presumption, and consequently may be fortified by evidence as well as overcome by rebutting evidence; when the appellee offered evidence to corroborate and sustain the presumption, such evidence was subject to the rule requiring the best evidence. It was to be considered by the jury together with all other evidence in order to determine whether or not the defendant was negligent. As the evidence was material, it was prejudicial error for the court to admit secondary evidence over the appellant's objection. That the error was prejudicial in the case at bar is clearer for the reason that neither side was able to give any explanation for the crash.

Since this case must be retried, and the instruction given in the charge to the jury on the res ipsa loquitur doctrine does not adequately inform the jury of the character of proof necessary to meet a prima facie case under this doctrine in a passenger case, it is proper for us to say that a full discussion of the applicable rule appears in Gleeson v. Virginia Midland R. R. Co., 140 U.S. 435, 11 S.Ct. 859, 35 L.Ed. 458, cited in Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905.

Judgment reversed.

NETERER, District Judge.

I concur in reversal, but in view of a retrial I think it should be further stated

---

[1] The Uniform Air Licensing Act of the Territory of Alaska, supra, required that a certified copy of the license be filed with the Territorial Treasurer, and that the receipt therefor required by the act "shall be prima facie evidence that said party has complied with the registration requirements of this Act" (section 9 of the act). No doubt in Alaska this receipt would be of equal probative value with the license itself, and cover the additional point of compliance with the law of Alaska.

that possession of an "air pilot" license of itself does not show mental and physical fitness of the pilot for the air voyage at the time it was undertaken or exercise of reasonable diligence on the part of the employer to ascertain such fitness. The pilot may have become unfit after the license was issued.