**PACIFIC ALASKA AIRWAYS, Inc., v. MAHAN.\***

No. 8283.

Circuit Court of Appeals, Ninth Circuit.

March 29, 1937.

George M. Naus and Donald Seibert, both of San Francisco, Cal., and Charles E. Taylor, of Fairbanks, Alaska, for appellant.

John L. McGinn and Julian A. Hurley, both of Fairbanks, Alaska (Robert W. Jennings, of Sacramento, Cal., of counsel), for appellee.

Before WILBUR and MATHEWS, Circuit Judges, and NETERER, District Judge.

WILBUR, Circuit Judge.

This is an action to recover for the death of Erick G. Nelson, who was a passenger in the airplane belonging to the appellant which crashed near Livengood, Alaska, September 20, 1933. This accident is the same one involved in Smith v. Pacific Alaska Airways, Inc. (C.C.A.) 89 F.(2d) 253.

In this action the administrator of the estate of the deceased passenger recovered judgment for $10,000. The appellant relies upon two specifications of error. The first is an alleged error of the trial court in overruling appellant's objection to testimony tending to show the value of certain mining property owned by decedent at the time of his death. This specification, and the assignment of error on which it is based, are insufficient in that they do not state the evidence which was received over appellant's objection either in hæc verba or in substance and effect.

The second specification is that the court erred in charging the jury that if they believed there was a physical failure upon the part of the pilot that caused the airplane to crash to the ground, the verdict must be

\*Rehearing denied May 10, 1937.

for the plaintiff, as the defendant would be responsible for such physical failure.

The exception reserved to this instruction was as follows: "Defendant excepts to that certain instruction No. 7 for the reason that the same is not warranted by the issues or the evidence presented, and is an erroneous exposition of the law."

This exception was too general. Furthermore, the assignment of error based upon the giving of this instruction does not state the exception taken to the instruction nor the ground thereof but, instead, states the reason why the instruction was erroneous, as follows: "The court erred in instructing the jury as follows: [quoting the instruction] for the reason that such instruction is not warranted by the issues of this case and is an erroneous exposition of the law, *and takes away from the jury one of the probable causes of the accident involved, which said probable cause is a legal defense to this action."* The portion of the objection in italics was not made at the time the exceptions were taken and is also too general. Because of the insufficiency of the exception to the charge we cannot consider the second specification of error.

With reference to the first specification of error, an application was made during the argument for leave to amend the assignment of error. Such an application is rarely granted. The appellee, in response to the application, states that the bill of exceptions was a mere skeleton of the evidence introduced at the trial.

The order settling the bill of exceptions states: "That the said bill of exceptions contains so much of the testimony, both oral and documentary, together with exhibits, deemed pertinent and material for the purpose of appealing the said cause as aforesaid; and also contains such evidence as was offered by the said defendant and refused by the court and duly excepted to by said defendant."

It will be observed that the bill does not state that all the evidence necessary to understand the exceptions is contained in the record. Furthermore, if we turn to the record with relation to the testimony objected to we find that the witness Edward Nelson testified that he prospected a placer mining claim belonging to the decedent. He was asked the question: "Just tell the jury what you found there." To this the appellant objected as follows: "To which we object as incompetent, irrelevant and imma-terial." The objection was overruled and an exception was saved, but the answer of the witness to this question is not stated. The record proceeds: "Witness then testified that he took out of said claim $870.00 worth of gold and that he and his brother took a lay on the claim from Lee Merry, the Commissioner at Livengood, on a 15% royalty basis; that he never turned any of it over to the administrator; that he sold the gold dust, some to Mr. Merry, as a merchant, and some to Mr. Mahan, merchant." The objection was too general to call the attention of the court to any specific objection.

We therefore deny the application for leave to amend the assignment of error upon the ground that the motion is made too late, that if granted it would be ineffective because the objection to the evidence relied upon is too general, that it does not appear from the record that the question was answered.

Judgment affirmed.