## SAN DIEGO GAS & ELECTRIC CO. v. UNITED STATES.

### No. 11905.

United States Court of Appeals
Ninth Circuit.

Feb. 14, 1949.

Luce, Forward, Lee & Kunzel and James L. Focht, Jr., all of San Diego, Cal. for appellant.

James M. Carter, U. S. Atty., and Ernest A. Tolin, Chief Asst. U. S. Atty., both of Los Angeles, Cal., for appellee.

Before DENMAN, Chief Judge, and HEALY and ORR, Circuit Judges.

DENMAN, Chief Judge.

This is an appeal from a judgment at the conclusion of appellant's evidence, dismissing appellant's complaint brought under the Federal Tort Claims Act.[1] The complaint sought to recover for damage to appellant's electric power lines and the standards sustaining them by the alleged negligent flying of a plane belonging to the defendant-appellee, in which a non-commissioned officer in the United States Coast Guard, a chief aviation pilot, was instructing another aviator in his art. Appellee does not question its liability for a stipulated amount of damage, if the negligence of the pilot be established.

The grounds of the appeal are that the district court erred in holding it was not established by the preponderance of the plaintiff's evidence that the damage in question was proximately caused by the defendant's pilot, and that the court erred in holding that the doctrine of res ipsa loquitur does not apply to the facts as established.

The standards supporting the power cables are large structures, visible at a distance of over a mile. One stood in the City of San Diego, the other across Mission Gorge, standing less than 1700 feet westerly of the city boundary. Three transmission lines between the standards carry power from the City of El Cajon to the City of Escondido. They were 187, 198 and 210 feet above the creek bed of the gorge. Beneath the transmission lines was a state highway, running through the gorge.

The plane had been seen flying for some five minutes through the surrounding country and within a short distance from stores and dwellings at Tinkham Center, flying at 200 to 235 feet elevation. Such flying was negligent, W. A. Hover & Co. v. Denver & R. G. W. R. Co., 8 Cir., 17 F. 2d 881, 884, being in violation of the following regulation controlling the chief aviation pilot and requiring him to fly in such an area and over such a structure and such a generally traveled highway at not less than 500 feet elevation:

"* * * Except when necessary for taking off and landing, aircraft shall be flown:

\*    \*    \*    \*    \*    \*

"(b) * * * at an altitude of not less than 500 feet, except over water or areas where flying at a lower altitude will not involve hazard to persons or property on the surface."

Section 60.105, Civil Air Regulations of the Civil Aeronautics Board.

When last seen before the crash into the wires, the plane disappeared, turning to the south around a hill of 500 feet elevation, heading toward the power lines. When it disappeared from the sight of plaintiff's witnesses, it was about 600 feet in distance and less than five seconds in time from the power lines. Plaintiff's witnesses watched for its appearance after it should have appeared to the south of the 500-foot hill, but the plane did not appear. It had struck the lines and torn them loose but continued in its southerly line of flight for at least 300 feet further before grounding. Both aviators were killed and the plane was destroyed. So far as concerns

---

[1] 1948 Judicial Code, 28 U.S.C.A. §§ 1346, 2671 et seq.

the plaintiff's case, this evidence was uncontradicted.

The district court made no findings but stated:

"* * * Nobody seems to have followed the airplane to where the accident occurred."

"* * * Can I assume from the evidence that the plane was flying low at this particular point; that it was flying low at the point where the impact was?

"Mr. Focht: Certainly, your Honor, it is the more reasonable inference to draw than any other inference that can be drawn.

"The Court: It is up to you to prove your case not by inferences but by facts."

█ We do not agree that on these undisputed facts the court could not infer that the negligent flying in violation of the regulation five seconds before the contact with the wires from 187 to 210 feet elevation, with a continued movement in the line of flight 300 feet thereafter, was the proximate cause of the injury to the wires and their standards. If the court cannot draw such an inference from a five second continuance of the negligent flying, observed for over five minutes before, it is difficult to conceive of establishing any case of negligence on circumstantial evidence. As we stated in a reversal in Mateas v. Fred Harvey, 9 Cir., 146 F.2d 989, 993, a case cited by appellant and ignored by appellee,

"* * * This judicial comment is in effect a finding that the evidence adduced, taken at its face value, cannot support an inference either of negligence or of a violation of warranty. The last and concluding thought in the comment is '* * * the record shows no basis for liability.' This ruling, as would be a formal finding to the same effect, is clearly erroneous."

The court further held that appellant's evidence did not bring the case within the doctrine of res ipsa loquitur. We do not know what the defendant's witnesses may show and this ruling may be invoked on the continuance of the trial which we order.

█ The Tort Claims Act, 28 U.S.C. § 931 [now § 1346], requires that the law of the place where the act complained of was done governs the liability of the United States. In California that doctrine applies where the complaint, as here, alleges negligence generally. Marovich v. Central California Traction Co., 191 Cal. 295, 305, 216 P. 595; McComas v. Al. G. Barnes Shows Co., 215 Cal. 685, 697, 12 P.2d 630; In Smith v. Pacific Alaska Airways, 9 Cir., 89 F.2d 253, we applied the doctrine in an airplane case. The California supreme court also applied the doctrine in an airplane case, Smith v. O'Donnell, 215 Cal. 714, at page 722, 12 P.2d 933, at page 936, stating:

"The foundation or reason for the doctrine is based upon probabilities and convenience. When it is shown that the occurrence is such as does not ordinarily happen without negligence on the part of those in charge of the instrumentality, and that the thing which occasioned the injury was in charge of the party sought to be charged, the law operating upon the probabilities and the theory that if there were no negligence the defendant can the most conveniently prove it raises a presumption of negligence which the defendant must overcome by proof that there was in fact no negligence."

The lower court observed, "Suppose the plane had dropped on this power line. Suppose it was up 1,000 feet and had dropped," ignoring the fact that if the plane had risen above 500 feet it would have been seen above the hill by the witnesses looking for its emergence to the south.

Here negligence is shown five seconds before the collision with the power lines. Applying the California rule, it is obvious that it does not "ordinarily happen," if it could happen at all, that in five seconds the aviator would cease his low flying, negligently continued for five previous minutes, and rise in the air to the required 500 feet and then be compelled by a cause beyond his control to fall 300 feet to the wires at such an angle that his plane lands 300 feet in the line of flight beyond the wires it tore through. Under the rule of Smith v. O'Donnell, supra, there arises a presumption of continuing negligence during the five second period "which the defendant must overcome by proof that there was in fact no negligence."

The judgment is reversed and the case remanded for a continuance of the trial, if the defendant be so advised. If the defendant offer no further evidence, judgment shall be given for the plaintiff for the stipulated amount of the damages.