**HAASMAN v. PACIFIC ALASKA AIR EXPRESS et al.**

**MANDERS v. PACIFIC ALASKA AIR EXPRESS, Inc. et al. (two cases).**

**BACKMAN v. DES MARAIS et al.**

Nos. A–5930, A–6531, A–6554, A–6599.

United States District Court,
D. Alaska, Third Division.

Oct. 5, 1951.

Harold J. Butcher, George B. Grigsby, John E. Manders and Hellenthal, Hellenthal & Cottis, all of Anchorage, Alaska, for plaintiff.

Theodore R. Coomber, Los Angeles, Cal., Davis & Renfrew, Anchorage, Alaska, for defendant.

FOLTA, District Judge.

The foregoing cases have been consolidated for the purpose of argument of the defendant's motion in each case for a more definite statement and to dismiss for failure to state a claim. The court denied the first motion and reserved decision on the latter.

The plaintiffs, as personal representatives, seek to recover damages for the death of their decedents who were passengers on defendant's airplane on a flight from Yakutat, Alaska, to Seattle, Washington, on November 4, 1948. The plane was last heard from in the vicinity of Sitka. No icing or storm conditions prevailed along this route at the time of this flight. No trace of the plane, its cargo or passengers has ever been found. The plaintiffs

by appropriate allegations rely on the doctrine of res ipsa loquitur.

It is stipulated that the Civil Aeronautics Board's report of its investigation of the loss of the plane may be deemed incorporated into the complaints in two of the cases, but the stipulation does not identify which two. However, in view of the conclusion reached this omission is immaterial. It is further stipulated that the defendant had no knowledge that the Civil Aeronautics Administration records disclosed that the co-pilot was not duly qualified in respect of multi-engine and instrument rating until informed thereof during the investigation referred to, and that if the motion to dismiss is denied, judgment may be entered without prejudice to the right of appeal therefrom.

The question presented, therefore, is whether the doctrine of res ipsa loquitur applies where the plane disappears during flight without a trace. The defendant's contention that the doctrine is not applicable to a case such as this is based primarily on the ground that since the plane disappeared without a trace, the defendant can have no knowledge of the cause of the loss of the plane superior to that possessed by the plaintiffs.

█ The rule precluding the application of the doctrine where the plaintiff's knowledge is equal to that of the defendant is stated in 65 C.J.S., Negligence, § 220(5), page 1000 and 38 Am.Juris. 995, Section 299. An examination of the authorities cited in support of the rule however, discloses that it is applied to cases where the plaintiff has equal knowledge or where knowledge of the cause is equally accessible to the plaintiff—not to cases in which there is an equality of ignorance as in the instant case. Since inability, because of a lack of knowledge, to show specific acts of negligence is a prerequisite to the application of the doctrine itself, it follows that equality of knowledge precludes its application. But from this it does not follow that conversely equality of ignorance will likewise preclude applicability, for the function of the doctrine, as stated in the introduction to Shain's Res Ipsa Loquitur, is to supply a fact, i. e. defendant's negligence, which must have existed in the causal chain stretching from the act or omission by the defendant to the injury suffered by the plaintiff, but which the plaintiff because of circumstances surrounding the causal chain, cannot know and cannot prove to have actually existed. I conclude, therefore, that the rule barring the application of the doctrine where there is equality of knowledge is not applicable to the case at bar. Cf. Weller v. Worstall, 50 Ohio App. 11, 197 N.E. 410, 413.

Defendant also contends that it did not have exclusive control of the plane because of the requirements prescribed by the regulations of the Civil Aeronautics Board, in consequence of which, it is asserted, some measure of control was in the Board. This is merely confounding control of the plane with regulation by public authority. Cf. Parker v. James E. Granger, Inc., 4 Cal.2d 668, 52 P.2d 226.

█ I am of the opinion that the doctrine of res ipsa loquitur is applicable and that the motion to dismiss should be denied. Seaman v. Curtiss Flying Service, 231 App.Div. 867, 247 N.Y.S. 251; Smith v. Pacific Alaska Airways, 9 . Cir., 89 F.2d 253; Pacific Alaska Airways v. Mahan, 9 Cir., 89 F.2d 255. Judgment may accordingly be entered for the plaintiffs.