150 Cal.App.2d Supp. 829 (1957)
310 P.2d 504
SOUTHERN CALIFORNIA EDISON COMPANY, Appellant,
v.
LLOYD S. COLEMAN, JR., et al., Respondents.
Docket No. 9266.
Court of Appeals of California, Appellate Department, Superior Court, Los Angeles.
April 29, 1957.
Renwick, Woodbury & Barry III and David N. Barry III for Appellant.
Henshey & Beeman and John A. Beeman for Respondents.
SWAIN, J.
The plaintiff appeals from a judgment on the merits in favor of the defendants. Plaintiff sued for damages to its wires, poles and equipment caused by defendants' airplane colliding with those wires a short distance south of an airport which defendants were approaching for the purpose of making a landing. The complaint alleges that the defendants were negligent. The implied finding of the trial court is that this allegation is untrue. Appellant argues that respondents were trespassers when they struck appellant's electric line and are therefore liable. Respondents argue and the court impliedly found that the trespass, if any, was unavoidable and the result of an act of God. The claimed act of God was a downdraft which caused the plane to drop to the level of the wires when it was too late for the pilot to avoid a collision.
[1] The case presents this one important question of law. *830 Is a pilot whose plane falls and collides with ground installations absolutely liable for damage thus caused or is he liable only in case he was guilty of negligence which proximately caused the collision? In Gallin v. Poulou (1956), 140 Cal. App.2d 638, the court stated at page 645 [295 P.2d 958]: "... in this state there is no liability for a trespass unless the trespass is intentional, the result of recklessness or negligence, or the result of engaging in an extrahazardous activity." This was not an airplane case but it compels us to consider the law of extrahazardous activity. In Johnson v. Central Aviation Corp. (1951), 103 Cal. App.2d 102 [229 P.2d 114], the court said at page 111: "It is true that the law formerly looked upon aviation as an ultrahazardous activity and the Uniform Aeronautics Act which was once adopted in many states did impose absolute liability on the owner as well as the operator or lessee of every aircraft for any damage to person or property caused by its operation unless there was contributory negligence on the part of the injured person. However, this view has come to be modified and now it is considered that properly handled by a competent pilot an airplane is not an inherently dangerous instrument."
In Boyd v. White (1954), 128 Cal. App.2d 641 [276 P.2d 92], Mr. Justice Peters sets out the history of the attempts to introduce into California statute law the concept of absolute liability of owners and operators of planes. All such attempts failed. At page 651 he states: "`... the trend of decisions established it to be the general rule that, properly handled by a competent pilot exercising reasonable care, an airplane is not an inherently dangerous instrument, so that in the absence of statute the ordinary rules of negligence control, and the owner (or operator) of an airship is only liable for injury inflicted upon another when such damage is caused by a defect in the plane or its negligent operation.'"
In Smith v. O'Donnell (1932), 215 Cal. 714 [12 P.2d 933], the plaintiff was a passenger in defendant's airplane which collided in the air with the plane of one Ebrite. The court held that res ipsa loquitur applied against the defendant owner whose plane was being operated by a pilot in his employment at the time of the accident. It further held, page 723: "`If the defendant successfully established under proper instructions that he was not guilty of any negligence, and that the accident occurred solely by reason of the negligence of Ebrite, then the defendant was not answerable in damages.'"
*831 In San Diego Gas & Electric Co. v. United States (1949), 173 F.2d 92 (9 Cir.), the plaintiff sued for damages which were caused by a Coast Guard plane operated by a Coast Guard pilot striking the wires of the plaintiff electric company. The complaint alleged that the pilot was negligent. At the conclusion of plaintiff's evidence the trial court dismissed the action. The Circuit Court reversed the judgment holding (1) that the evidence would warrant the trial court in finding that there was negligence, and (2) that res ipsa loquitur applies. On page 94 it said:
"The court further held that appellant's evidence did not bring the case within the doctrine of res ipsa loquitur. We do not know what the defendant's witnesses may show and this ruling may be invoked on the continuance of the trial which we order.
"The Tort Claims Act, 28 U.S.C. § 931 (now § 1346), requires that the law of the place where the act complained of was done governs the liability of the United States. In California that doctrine applies where the complaint, as here, alleges negligence generally.... In Smith v. Pacific Alaska Airways, 9 Cir., 89 F.2d 253, we applied the doctrine in an airplane case. The California supreme court also applied the doctrine in an airplane case, Smith v. O'Donnell, 215 Cal. 714 [12 P.2d 933] ..."
There is no California case which holds that the pilot of a plane is liable for collision damage independent of negligence. The judgment is affirmed.
Bishop, P.J., and Kauffman, J., concurred.